HARRY A. LIMBERT v. JOSEPH L. JONES.

APPEAL FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued January 13, 1888—Decided February 13, 1888.

1. A judgment confessed in an amicable action of ejectment, by virtue of a power in a lease to be exercised on a default or a breach of the covenants on the part of the lessee, is not within the act of April 4, 1877, P. L. 53, providing for appeals in cases of applications for the opening of judgments entered on warrants of attorney.
2. Dubitatur: Whether, from the use of the words "warrant of attorney or judgment note," the provisions of the said act were intended to be applied to any but money judgments.

Before PAXSON, STERRETT, GREEN, CLARK and WILL-
IAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.
No. 109 July Term 1887, Sup. Ct.; court below, No. 333 March Term 1887, C. P. No. 1.

On April 2, 1887, an amicable action of ejectment was entered wherein Joseph L. Jones, guardian of the minor children of Abraham Herman, deceased, was plaintiff, and Frank B.

Basford and Harry A. Limbert, assignees of Mahlon Schoch, were defendants, was entered " as if a summons had been regularly issued and had been duly served and so returned by sheriff, and judgment is confessed in favor of plaintiff without stay of execution." This judgment was entered upon the filing of the required affidavit of the lessor with a copy of a lease dated July 22, 1884, between the plaintiff and Mahlon Schoch, the assignor of the defendants, which contained the provisions following :

Provided always, That if the lessee shall fail or omit to pay the rents or sums hereby reserved, on the days and times when the same are made payable or within twenty days thereafter, or shall in any other respect violate any of the conditions and covenants hereinabove contained, then this indenture of lease and the term hereby created shall become absolutely void at the option of the lessor, to be signified by the lessor's causing a written notice of his intention so to determine the lease on a day to be therein fixed, to be delivered to the lessee or left upon the premises at least ten days previous to the day so fixed : And when the lease shall be so determined by condition broken and notice as aforesaid, and also, when and as soon as the term hereby created shall have expired by its own limitation, it shall be lawful for any attorney of any court of this county to appear for the lessee in an action of ejectment to be therein brought by the lessor for the recovery of the demised premises, and therein confess judgment by non sum informatus nil dicit or otherwise, without stay of execution by entry of bail or otherwise, and with waiver and release of all errors in the said judgment or any process and proceedings thereon : Provided, that the lessor shall first cause to be filed in such action an affidavit made by himself, or some one on his behalf, setting forth the facts necessary to authorize the entry of such judgment according to the terms of this lease, of which facts such affidavit shall be evidence ; and if a true copy of this lease shall be annexed to such affidavit it shall not be necessary to file the original as a warrant of attorney, any rule of court to the contrary notwithstanding. But no such determination of this lease by notice as aforesaid or otherwise, nor any recovery in ejectment upon any such judgment by confession shall operate to relieve the lessee from liability in damages for the breach of any covenant herein contained.

The same day the judgment was entered, a writ of habere facias was issued and placed in the hands of the sheriff. On April 4, 1887, on petition of Harry A. Limbert, showing that he had bought out Frank B. Basford, a rule to open the judgment and let petitioner into a defence was granted, all proceedings to stay. Depositions were taken on the part of the petitioner and plaintiff, and upon the evidence taken it was claimed by the petitioner that the lease had been continued for a new year beginning on April 1, 1887, and that $100, the rent for the first month of the year, had been paid to the lessor. At the argument, on April 30, 1887, the court, ALLISON, P. J., discharged the rule to open the judgment.

On May 2, 1887, on motion of the defendant, Limbert, it was ordered that all proceedings be-stayed for twenty days from May 1st, to allow time within which to perfect an appeal. The plaintiff, on May 4th, obtained a rule to show cause why the order of May 2d should not be stricken off. On May 20th, defendant Limbert filed a bond and entered this appeal, and on May 21, 1887, the court, following the rule of Times Publishing Co. v. Siebrecht, 11 W. N. 339, made absolute the rule of May 4th, to vacate the order staying proceedings upon the judgment.

The errors assigned here were that the court erred :

1. In refusing to submit to a jury the question as to whether there was a renewal of the lease.

2. In refusing to allow an appeal to this court which should be a supersedeas, inasmuch as an appeal had been duly perfected under the act of April 4, 1877, P. L. 53.

*Mr. Jourdan W. Roper*, for the appellant:

1. The act of April 4, 1877, P. L. 53, is broad enough in its language to include all possible cases, and the defendant's rights to an appeal which shall be a supersedeas are the same as if he had appealed from a decree in equity under par. IV. of § 1, act of March 17, 1845, P. L. 159, which section was framed to cover just such a case as the one at bar.

2. There are two other acts which show by their spirit and language that the idea that the act of 1877 intended to exclude from its benefits all judgments except those for a sum certain is absurd : Act of June 25, 1869, P. L. 1275 ; act of March 24, 1865, P. L. 750.

*Mr. Charles Davis*, for the appellee:

1. The act of 1877, provides for an appeal only when the judgment has been entered by virtue of a warrant of attorney, or, on a judgment note. The judgment in the present case falls under neither of these cases. The direction or agreement on the part of the lessee that any attorney should appear for him, is not such a warrant of attorney as is contemplated by the act: Flanigen v. Philadelphia, 51 Pa. 491. Under said act, an appeal shall not be a supersedeas, unless after a recognizance conditioned for the payment of the " debt, interest and costs." No cases need be cited to show that the defendant is not entitled to an appeal, unless under the act of 1877.

2. The exercise of jurisdiction to open judgments, entered on warrants of attorney, has always been held to be within the sound discretion of the court: Earley's App., 90 Pa. 321; Wernet's App., 91 Pa. 319; Knarr's App., 19 W. N. 531.

Opinion, MR. JUSTICE PAXSON:

We are of opinion that no appeal lies in this case. The act of April 4, 1877, gives the right of appeal only where the judgment "has been entered by virtue of a warrant of attorney or on judgment note." The judgment in this case was confessed in an amicable action of ejectment. It was done by an attorney, it is true, but there is nothing on the record to show that it was by virtue of a warrant of attorney. Flanigen v. The City, 51 Pa. 491, was also a judgment confessed in an amicable action of ejectment brought upon a lease, and it was said by AGNEW, J., that "it nowhere appears in this record that the confession of judgment by the attorney of the defendant was in pursuance of a warrant of attorney. The amicable action and confession of judgment is according to ancient and established practice, existing before the act of 1806 as well as since, and recognized in Cook v. Gilbert, 8 S. & R. 567, and McCalmont v. Peters, 13 S. & R. 196. It has never been understood to be the law of this state that the authority of an attorney must be in writing to enable him to confess a judgment." The use of the words " warrant of attorney or judgment note" in the act of 1877, makes it doubtful at least whether the provisions of said act were intended to apply to any but money judgments. But we are not required to decide this now. This appeal must

·be quashed for the reasons above given.  We do it with the less regret from the fact that the case is without merit.  It appears that the sum of one hundred dollars claimed to have been paid as rent on the new year was really paid for the last month of the old year.  The receipt is so worded.

Appeal quashed.