## Blythe Township, Appt., *v.* John Morris.

A judgment confessed in an amicable action is not within the act of April 4, 1877, giving the right of appeal to the supreme court in cases where the court below refuses to open a judgment entered upon a warrant of attorney. (Limbert v. Jones, 118 Pa. 589, 12 Atl. 584, followed.)

(Argued February 13, 1888.  Decided March 5, 1888.)

July Term, 1886, No. 4, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Ap-

NOTE.—Prior to the act of April 4, 1877, no appeal could be taken from the refusal of the court to open a judgment. Nice v. Bowman, 6 Watts, 26. This legislation did not apply to a judgment amicably confessed (Kerr v. Wonderlich, 7 Sad. Rep. 1); nor to judgments by default (Huston Twp. Co-op. Mut. F. Ins. Co. v. Beale, 110 Pa. 321, 1 Atl. 926); nor to confessed judgments in adverse proceeding (Maneval v. Jackson Twp. 141 Pa. 426, 21 Atl. 672); nor to judgments based on the verdict of a jury (Gaskill v. Crawford, 130 Pa. 28, 18 Atl. 524); nor to a judgment of ejectment entered by virtue of the authority conferred in a lease (Limbert v. Jones, 118 Pa. 589, 12 Atl. 584; Swartz's Appeal, 119 Pa. 208, 13 Atl. 69; Dikeman v. Butterfield, 135 Pa. 236, 19 Atl. 938).

By the act of May 20, 1891 (P. L. 101) the right to appeal was extended to cases where the judgment was entered by amicable confession, upon warrant of attorney, or otherwise.

peal from an order of the Common Pleas of Schuylkill County discharging rules to open certain judgments. Appeal quashed.

The judgments were confessed in amicable actions by the township of Blythe in favor of John Morris. On the refusal of the court to open them and let the defendant into a defense, the defendant took this appeal under the act of April 4, 1877, specifying as error the action of the court as above.

The material portion of the act in question is as follows:

"In all cases of application made to any court of common pleas within this commonwealth, to have any judgment which has been entered by virtue of a warrant of attorney, or on judgment note, opened and defendant or defendants let into a defense, the party or parties aggrieved by decision of the court thereon may have the same reviewed in the supreme court by appeal, in like manner and proceedings as equity cases are now appealed."

*J. C. Kline, J. W. Moyer, Fergus G. Farquhar,* and *J. W. Ryon* for appellant.

*D. C. Henning* and *J. Wright* for appellee.

Per Curiam:

In the case of Limbert v. Jones, 118 Pa. 589, 12 Atl. 584, per Mr. Justice Paxson, we held that a judgment confessed in an amicable action was not within the act of April 4, 1877, which gives the right of appeal in cases where the court refuses to open a judgment entered upon a warrant of attorney. Under this authority we are obliged to quash this appeal.

Appeal quashed.