## APPEAL OF C. E. SWARTZ.
## [W. A. LYON v. JOHN GOFF AND C. E. SWARTZ.]

APPEAL FROM THE DECREE OF THE COURT OF COMMON PLEAS
OF MONTOUR COUNTY.

Argued February 29, 1888—Decided March 12, 1888.

1. A judgment confessed in an amicable action of ejectment, by virtue of a power in a lease to be exercised on a default or breach of the covenants on the part of the lessee, is not within the act of April 4, 1877, P. L. 53, providing for appeals in cases of applications for the opening of judgments entered on warrants of attorney: Limbert's Appeal, 118 Pa. 589, followed.

2. The court must assume that, from the use of the words " warrant of attorney or judgment note," the provisions of said act were not intended to be applied to any but money judgments.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY and WILLIAMS, JJ., absent.

No. 98 July Term 1887, Sup. Ct.; court below, No. 60 May Term 1887, C. P.

On April 1, 1887, upon an agreement signed by Mr. Wm. J. Baldy, for the plaintiff, and Mr. James Scarlet, for the defendants, an amicable action of ejectment was entered by W. A. Lyon against John Goff and C. E. Swartz, for the recovery of premises in the Third ward of Danville, " being the same

property leased to John Goff as a dwelling-house; and [agreeing] that judgment be entered in said action against the said John Goff and the said C. E. Swartz, without stay of execution or appeal; that W. A. Lyon, the plaintiff, do recover possession of the premises above mentioned and described, with the appurtenances, with costs of suit," etc.

With this agreement there was filed a statement of the plaintiff setting forth that the action was founded upon a written lease of said premises, dated March 29, 1886, by the plaintiff to John Goff, one of the defendants, for the term of one year then next ensuing, which lease was made a part of the statement and contained the following provisions:

And the second party doth covenant with the first party in manner following, that is to say: The rent hereinbefore reserved shall be paid on the several days appointed therefor, without demand by the first party. No part of said term, or of any renewal shall be assigned, nor any portion of the demised premises underlet without the written consent of the first party. No waste shall be committed; and at the end of said term, or of any renewal, the demised premises shall be delivered up without further notice in as good condition as at the commencement thereof, ordinary wear and tear and unavoidable damage by fire, tempest and lightning excepted. This demise is upon condition that the covenants of the second party shall be fully kept and performed; and on any breach thereof the estate demised shall at the election of the first party cease and determine, and the first party may re-enter the demised premises without previous notice or demand. And upon the expiration or other determination of said term, or any renewal, any attorney may appear for the second party in an amicable action of ejectment for the demised premises, in any court having jurisdiction, and confess judgment therein, with costs, in favor of the first party, or those claiming under said first party, and against the second party, and those claiming under said second party. But such re-entry or judgment shall not bar the recovery of rent or damages for breach of covenant; nor shall the receipt of rent after condition broken be deemed a waiver of forfeiture. The second party confesses judgment for the rent reserved for said term, and for each renewal, with stay of execution until the several days of pay-

Statement of Facts.

ment; such judgment to be entered successively as renewals shall take place. And judgment in ejectment, as hereinbefore provided, may be entered concurrently therewith. The notice to quit required by any act of assembly previous to proceedings to recover possession of the demised premises, and the benefit of all laws granting stay of execution, appeal, inquisition, or exemption of property from sale on execution or distress for rent, are waived by the second party.

This indenture shall bind all persons claiming under the parties hereto, in whatever character, as fully as if they were in every instance herein named.

The statement then proceeded to allege breaches of the covenants of said lease, in that John Goff, the lessee, had committed waste, had neglected to repair, had sublet to C. E. Swartz without the lessor's consent, and had refused to surrender, etc. With the statement was the following: " By virtue of the power of attorney in the said lease contained. I appear for the defendants in said action and confess judgment against them, according to the tenor and effect of said lease hereinbefore set forth. 　[Signed] James Scarlet, attorney for defendants."

Judgment for the plaintiff having been entered, a writ of habere facias possessionem was issued the same day, when C. E. Swartz presented his petition averring, inter alia, that he had never signed said lease, was in possession of the premises under a parol lease from the plaintiff himself, made in January, 1887, and he had never authorized James Scarlet nor any other attorney to appear for him and confess judgment against him, praying for a rule to show cause why said judgment should not be stricken off or opened, etc. The writ was stayed, rule granted, answer filed and testimony taken.

At the hearing on May 9, 1887, the court, GREEN, J., 21st district, holding special term, finding that, though a disputed question of fact was raised, whether the plaintiff had made the alleged parol lease to C. E. Swartz, yet it was evident from the testimony of the defendant alone, that the contract was but an agreement to execute a lease, which lease in fact the plaintiff afterwards refused to execute; that the defendant thus acquired no legal interest in the property, and, determining that the confession of the judgment was within the authority

contained in the lease, discharged the rule granted, whereupon C. E. Swartz, the petitioner, took this appeal, assigning the decree as error.

*Mr. H. M. Hinckley*, for the appellant:

1. No authority is shown for the entry of the judgment against C. E. Swartz. He was made defendant and judgment entered against him without notice, without a day in court, and without a trial by jury, a constitutional right which could be waived only by the express and positive consent of the defendant: Trimble's Appeal, 6 W. 133; Lauman v. Young, 31 Pa. 310; Rosenberger v. Hallowell, 35 Pa. 372.

2. The covenant for the entry of judgment being merely collateral, and not for the benefit of the estate, was not a covenant running with the land: Woodfall, L. & T., 113; Taylor, L. & T., §§ 260, 261; Platt on Leases, 408, 411, 414; McFarlan v. Watson, 3 N. Y. 286; Quackenboss v. Clarke, 12 Wend. 555. But Swartz was not in fact the assignee of Goff, as the lease forbade an assignment without the lessor's consent and no assignment or consent was shown. The judgment having been entered without authority, it ought to have been stricken off, whether the attorney causing it to be entered was responsible or not: Banning v. Taylor, 24 Pa. 293.

*Mr. James Scarlet* (with him *Mr. W. J. Baldy*), for the appellee:

The lease to Goff was for one year from April 1, 1886; Swartz rented from Goff from October 1st, and was Goff's tenant until April 1, 1887. Swartz was thus an assignee of Goff with notice of the lease from Lyon to Goff, and was bound by the covenants of the lessee to repair and deliver up in good condition: 1 Washb., R. P., 498, 499; Spencer's Case, 1 Smith L. C. 129; Jackson & Gross, L. & T. 539; Adams v. Beach, 1 Phila. 99; Moore v. Weber, 71 Pa. 429. The covenant authorizing the plaintiff to obtain possession in the way adopted was as much a covenant for the benefit of the estate as a covenant to deliver up.

OPINION, MR. JUSTICE PAXSON:

This case is ruled by Limbert's Appeal decided at this term, to be found in 118 Pa. 589. That case was the counterpart of

this. It was an appeal from the refusal of the court below to open a judgment confessed in an amicable action of ejectment by virtue of an authority contained in a lease. We said in that case : " The use of the words 'warrant of attorney or judgment note' in the act of 1877, makes it doubtful at least whether the provisions of the said act were intended to apply to any but money judgments." Subsequent reflection has strengthened this view. When the legislature referred to judgments confessed by warrant of attorney, we must assume they used the words according to their popular meaning. Every lawyer, and almost every business man would understand this to mean a money judgment entered by virtue of a warrant of attorney in the usual form. It would be straining the law to apply it to a judgment confessed by an attorney in an amicable action. And the fact that the attorney has authority in writing to confess such judgment is not material. We may assume that an attorney does not confess a judgment without authority. But that authority need not be in writing. The fact that a lease confers an authority to confess a judgment against the lessee upon a given state of facts, does not constitute the lease a warrant of attorney within the meaning of the act of 1877. A judgment note, though containing an authority to confess judgment is not, strictly speaking, a warrant of attorney. Hence, the legislature, in order to include both methods by which judgments for money are usually entered, used the expression " warrant of attorney or judgment note." It follows that no appeal lies in this case.

The appeal is quashed at the costs of the appellant.