## E. V. DIKEMAN v. J. A. BUTTERFIELD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF McKEAN COUNTY.

Argued May 9, 1890—Decided May 19, 1890.

1. Where a judgment in ejectment, confessed by counsel under a warrant of attorney contained in a lease between the parties, is regular upon its face, a rule to show cause why it should not be stricken off should be discharged.*

2. If there be a defence to such judgment, the proper practice is to proceed by rule to open, etc., though a refusal to open in such proceeding would not be reviewable in the Supreme Court: Limbert's App., 118 Pa. 589; Swartz's App., 119 Pa. 208.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 17 July Term 1890, Sup. Ct.; court below, No. 173 December Term 1888, C. P.

On November 3, 1888, in an action stated in the name of

---

* Cf. Richards v. Richards, post 239; Whitney v. Hopkins, post, 246.

Statement of Facts.

Emily V. Dikeman v. John A. Butterfield, counsel appeared for defendant and confessed a judgment in ejectment against him and in favor of the plaintiff for two adjoining lots of ground in the city of Bradford, and for the sum of $20 rent unpaid thereon. With the confession was filed a statement of claim, averring breaches of certain covenants contained in two leases attached,—one, dated February 9, 1881, wherein the plaintiff had demised to the defendant one of the lots for the term of one year with the privilege of an additional term of ten years, at a rental of $30 per month payable in advance, with certain covenants in relation to the occupancy of the premises; the other, dated March 29, 1881, between the same parties, demising an adjoining lot for one year with the privilege of an additional term of nine years, at a yearly rental of $210, payable $18.66 monthly in advance, with like covenants as to occupancy; each lease containing the following provisions:

"And in case of the violation of any of the covenants hereinbefore made by second party regarding the use of said premises for any of the purposes herein forbidden, or this lease is assigned or sublet, in part or in whole, without the written consent of first party, or in case the rent is not paid by the said party of the second part, as the same becomes due, then the said party of the second part hereby authorizes and empowers any practicing attorney of McKean county, Pa., to appear in the Court of Common Pleas of said county and confess a judgment against him in an amicable action of ejectment for the premises above described, together with a judgment for the amount due according to the terms of this lease, and authorizes the immediate issuing of a writ of habere facias possessionem, with clause of fieri facias for amount of said judgment, and cost of suit or suits and five per cent attorney's commission or fees, without asking leave of court, and waiving all laws of said state of Pennsylvania exempting property from levy and sale on execution or distress for rent."

A writ of habere facias with clause, etc., at once having been issued, on November 5, 1888, an affidavit of the defendant was filed denying the breaches of his covenants, and a motion was made by his attorney for a rule to show cause why the judgment should not be stricken off, the grounds urged being as follows:

EASTERN DISTRICT, 1890.

Opinion of the Court.

" 1. The leases being of different dates and for different lots, and the warrants of attorney being separate and distinct, they could not be joined in an action, as was done in this case. 2. Said proceedings were irregular for the reason that there was no action in ejectment pending, in which an attorney could appear and confess a judgment against the defendant; and said judgment was irregular for the further reason that said court had no jurisdiction of the subject matter, and jurisdiction could not be conferred by the agreement of parties."

A rule was granted as prayed for, proceedings to be stayed in the meantime. After argument the rule was discharged, when the defendant took this appeal, assigning the order discharging the rule for error.

*Mr. J. B. Chapman* (with him *Mr. W. B. Chapman*), for the appellant.

Counsel distinguished Flanigen v. Philadelphia, 51 Pa. 491, and cited: § 40, act of June 13, 1836, P. L. 579; § 12, act of March 21, 1772, 1 Sm. L. 373; Boom Co. v. Sanderson, 81* Pa. 402; Oil City v. McAboy, 74 Pa. 249.

*Mr. F. L. Blackmarr*, for the appellee.

Counsel cited: Jackson & Gross, L. & T., § 502; Patterson v. Pyle, 1 Mona. 351; Massey v. Thomas, 6 Binn. 333; McCalmont v. Peters, 13 S. & R. 196; Flanigen v. Philadelphia, 51 Pa. 491; Hageman v. Salisberry, 74 Pa. 280; Reams v. Pancoast, 111 Pa. 48.

PER CURIAM:

There was no application in the court below to open this judgment. There was a rule to show cause why it should not be stricken off, which was very properly refused, as the judgment was regular upon its face. If there was any defence, the proper practice was to apply for a rule to open the judgment. This, in case of a legal defence, would have afforded relief in the court below, although in such case no appeal would lie to this court upon a refusal to open: See Limbert's App., 118 Pa. 589, and Swartz's App., 119 Pa. 208. As the case stands, there was nothing upon the face of the record, nor does anything appear aliunde which would have justified the court below in striking off the judgment, and the order is

Affirmed.