## Rochester & Pittsburgh C. & I. Co., for use, v. Maydock.

*Landlord and tenant—Lease—Ejectment—Public policy—Warrant to confess judgment—Act of April 23, 1903.*

1. Where a lease authorizes the lessor, the employer of lessee, to enter judgment in ejectment upon the lessee's leaving the lessor's employment, judgment may be entered without setting forth in the affidavit for entry of judgment the name of the owner or claimant of the premises, as required by the Act of April 23, 1903, P. L. 261.

2. In such case, the affidavit for entry of judgment need not set forth the contract of employment or its terms. An averment that the tenant had ceased to be an employee is sufficient.

3. The provision for entry of judgment in such lease is neither unconscionable nor against public policy.

Motion to strike off proceedings. C. P. Jefferson Co., Aug. T., 1925, No. 29.

*Brown & Means* and *James W. Mack*, for plaintiff.

*Charles J. Margiotti* and *W. M. Gillespie*, for defendant.

CORBET, P. J., June 3, 1925.—Judgment having been entered by virtue of a warrant of attorney in the lease of a house and lot for alleged violation of its terms by defendant, the latter, the lessee, presented his motion to strike off all the proceedings, including the judgment and writ of *habere facias possessionem* issued on it, assigning the following reasons therefor, which will be serially considered in their order:

"1. That the affidavit accompanying the præcipe and statement for entry of judgment fails to set forth the names of the claimants to the premises in dispute, as required by the Act of April 23, 1903, § 1, P. L. 261."

The lease under which defendant went into possession of the premises designates specifically the lessor and lessee, and they are respectively named as plaintiff and defendant. Defendant lacked nothing for full and specific information in this respect. No writ of ejectment was used to bring the action, nor was any necessary. Defendant, by the instrument, authorized and empowered any attorney of any court of record in Pennsylvania, upon his leaving the employment of the lessor or being dismissed therefrom, to appear for him in an amicable action of ejectment and therein confess a judgment of ejectment for the premises demised, and thereupon to issue a writ of *habere facias possessionem* with clause of *fi. fa.* for costs, without asking leave of court, agreeing that no writ of error, exception or appeal should be made or taken thereto. Plaintiff availed itself of this provision. We are, therefore, of opinion the act referred to has no application to the present matter, and that compliance with its provisions in the respect mentioned is entirely unnecessary and would be burdensome and useless.

Rochester & Pittsburgh C. & I. Co., for use, v. Maydock.

"2. The judgment is void because it simply avers that the tenant has ceased to be an employee of the lessor, but it nowhere appears whether the contract of employment was verbal or in writing, and, if in writing, no copy was attached; all of which was necessary to enable the court to determine whether or not the employment has ceased."

The lease, the only contract with which we have to do, is in writing and contains a distinct understanding and agreement "that when, for any cause whatever, the said lessee shall cease to work for the said lessor, whether by voluntary leaving or being dismissed from employment or otherwise, then and from thenceforth this lease shall, at the option of the lessor, cease, determine and become void, and all right, title and interest of the said lessee in and to the possession of the said house and lot shall cease and determine; and the said lessee and family shall, within five days thereafter, remove therefrom and deliver to said lessor peaceable possession thereof, without previous notice being given for that purpose, such notice being hereby waived."

The affidavit attached to and made part of the statement sets forth the assignment of the lease by the Rochester & Pittsburgh Coal and Iron Company to the Jefferson & Indiana Coal Company, its successors and assigns, on Feb. 2, 1925, and "that the said John Maydock has quit and left the employment of the Jefferson & Indiana Coal Company, and a notice was duly served upon said John Maydock—by reading the said notice to him and delivering to him a true and correct copy of the same on the 8th day of April, 1925— notifying and requiring him to quit, remove and deliver up to the said plaintiff the said premises upon the expiration of five days from the date of service of said notice, and the said John Maydock and his family have neglected and refused to deliver up possession of said premises to said Jefferson & Indiana Coal Company as required by said notice."

The statement also avers: "This judgment in ejectment for said premises is entered upon the determination of said lease by virtue of the fact that the said defendant has ceased to be in the employment of the plaintiff, and has, together with his wife and family, failed and refused to quit and give up possession of said premises to the plaintiff in pursuance of due notice to quit given to said defendant."

This is all the terms of the contract required to authorize and justify the entry of the judgment. And whether the contract of employment was verbal or in writing, and no copy was attached, is wholly immaterial. Such matters were not in the least essential. An affidavit made by the lessor, filed with the lease and averring a breach of condition, is sufficient, in the first instance, to support the judgment: Purvis v. Dempsey, 238 Pa. 173.

"3. The warrant of attorney for confession of judgment and the contract which forms a part thereof is void because unconscionable."

In what respect or why unconscionable is not stated. The assertion is not warranted by anything appearing on the face of the record. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record. No court has power to strike off a judgment regular on its face: Williams v. Notopolos, 247 Pa. 554; Dikeman v. Butterfield, 135 Pa. 236.

Plaintiff had the right to lease its property on terms satisfactory to itself. It is not exacting a thing in excess of those stipulated for and acceded to by defendant—merely enforcing the terms on which defendant was given possession of its property and upon which he agrees to surrender and restore that possession to it. So far as the legal aspect is concerned, the unconscionableness is more apparent on the defendant's part than that of plaintiff. The

court is powerless to write a new contract for the parties. It must administer, but cannot make law.

"4. The warrant of attorney for confession of judgment and the contract which forms a part thereof is void as against public policy."

We are unable to perceive in this matter the violation of any recognized, well-defined or enforceable principle of public policy, such as would make the contract of the parties and the powers thereby conferred void, especially as defendant had the full enjoyment of what he bargained for until he ceased to work for the lessor, and by his own distinct understanding and agreement the lease ceased, determined and became void and all his right, title and interest in and to the possession of the said house and lot ceased and determined.

Our conclusion is that the rule to show cause heretofore granted on defendant's motion to strike off proceedings must be discharged and the motion refused.

And now, June 3, 1925, the rule to show cause on the motion presented by defendant on April 17, 1925, to strike off all of the proceedings is hereby discharged, the motion refused and all restriction on execution removed.