# Hand, Appellant, *v.* Suravitz.

[Marked to be reported.]

*Lease—Covenant to pay gas bills or water rents.*

When a tenant covenants in his lease to pay gas bills or water rents, it is an undertaking in accordance with common understanding to pay the company furnishing the gas or water. Such a covenant is as much a condition of his holding as any other covenant in the lease.

*Forfeiture—Breach of covenant to pay water rent.*

Where a lease contained a provision that lessee should pay gas bills and water rent, and also contained a clause of forfeiture in case lessee should

not keep and perform all the terms, provisions and stipulations of the lease, or any of them, upon a failure of lessee to pay water rent, it was

*Held,* That failure to pay these bills constituted a forfeiture, and justified the assignee of the lessor in entering judgment of ejectment against the lessee under the terms of the lease.

Argued Feb. 23, 1892. Appeal, No. 43, Jan. T., 1892, by plaintiff, D. B. Hand, from judgment of C. P. Lackawanna Co., April T., 1891, No. 165, making absolute a rule to open and vacate a judgment entered against Nathan Suravitz, defendant. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Amicable action of ejectment entered by virtue of authority contained in a lease.

The facts appear by the opinion of the court below, ARCHBALD, P. J., which was as follows :

" The judgment with which we have here to deal was entered by virtue of the provisions of a certain lease, executed October 31, 1889, between C. P. Davidson, the then owner of the premises and the defendant; the interest of the said Davidson having since then passed to the plaintiff. The term of 17 months for which the lease was given has now expired, but there is a further provision therein, that it is to continue from month to month after the expiration of the term until the lessor gives written notice to quit at least 30 days before the end of any month, and we may presume that the lease for lack of this notice is still in force.

" As the lessee has, however, but a very precarious tenure under this part of the lease, the decision at which we may now arrive will—as we conceive—affect the relations of the parties but little. The plaintiff affirms, as the basis of his judgment, that the lease has been forfeited by reason of the failure of the defendant to pay the water rates as therein agreed to. One of the stipulations of that instrument is that the 'lessee shall pay his own gas and water bills;' it is also further provided that 'if the lessee shall fail to keep and perform all the terms, provisions and stipulations of this agreement, or any of them, the lessor may, if he elect to do so, declare the lease forfeited and the term at an end.'

" In a case of this character the burden is upon the plaintiff to make out that which he maintains. It differs materially in

this respect from an ordinary money judgment entered by confession upon a note or bond. In that case there is an absolute obligation upon the face of the instrument itself, while here the party is not liable to a judgment except upon a breach of some of the conditions of the agreement resulting in a forfeiture. If, therefore, the right to a judgment is disputed, the burden throughout of establishing that right is upon the plaintiff. This was decided in the case of Hughes v. Moody, No. 461, June T., 1887, in this court.

" It results from this that as the facts upon which the plaintiff claims that a cause of forfeiture has arisen are contested by the defendant, this contest, if the case turned upon that, would have to be submitted to a jury. This would be true, if it merely stood with oath against oath, for it would not be for the court to choose between them. But the question here is deeper, and goes to the very right of the plaintiff to claim a forfeiture at all.

" [The stipulation that the ' lessee shall pay his own gas and water bills ' does not admit of the construction given to it by the plaintiff. There is no mention to whom they are to be paid, nor when, much less is there a suggestion that they are to be paid to the landlord, upon demand as is now claimed. We consider this merely as a declaration, inserted in the lease to avoid any uncertainty, that the landlord did not undertake to furnish these accommodations to the premises, but that the tenant should look out for and pay his own gas and water bills himself; any other construction than this is strained, and we cannot be expected to go to that length to help out a forfeiture.] [2] [It is true the water rates in the present instance have been charged by the water company to the plaintiff who now makes a demand over upon the defendant.

" But this, as we understand it, is merely the result of the custom of the water company to look to the landlord as a responsible party, rather than to this, that or the other tenant, and it does not, as it seems to me, affect the question.

" If the water rates were directly charged to the defendant by the company, and he did not pay them, this provision of the lease, under the construction contended for by the plaintiff, would be just as much broken as it is now, and yet it would be absurd to hold that the lease could be forfeited because the tenant did not pay his bills to a stranger.

" The truth is, that the payment by the defendant of his gas and water bills is not to be regarded as a condition upon which he holds his term, but merely—as is said above—as a declaration as to who is to pay for the gas and water furnished to the premises.] [3] [If, as matters now stand, the tenant does not take care of the water rates as they accrue, and the landlord cannot arrange with the water company so as to relieve himself from responsibility for them, he has an easy remedy by having the water shut off. There is nothing in the lease to sustain the position that if the landlord pay the water rates due from the premises and the tenant fail to reimburse him upon demand, the lease can be forfeited.] [4]

" [The lessee merely undertakes to pay his own gas and water bills; when, how, where and to whom must be according to his own option; he may, moreover, not desire to use either gas or water on the premises, and in such case will have no bills of this kind to pay. The lessor has the full benefit and effect of the provision in question when he is not called upon to supply the premises with these conveniences. He had no right to forfeit the lease, and the judgment cannot be sustained. As this conclusion is reached as a matter of law upon the record there is no occasion to send the case to a jury, there being no question of fact to be submitted to them.] [5]

" The rule is made absolute and the judgment is opened and vacated."

Plaintiff appealed.

*Errors assigned* were, (1) opening and vacating the judgment; (2–5) the portions of the opinion in brackets, quoting them.

*S. B. Price,* with him *J. Elliott Ross* and *C. R. Pitcher,* for appellant.—When an agreement, incomplete in not giving the name of the person to whom payment is to be made, or the time when it is to be made, is made complete by the circumstances surrounding the case, or by parol testimony, it may be enforced as if these facts had been set forth: 4 Kent's Comm. (11th ed.) 539.

The argument that the agreement was simply to designate which of the parties was to pay the water rent is fallacious. If that were intended, it should not have been inserted in the

contract. Having been embodied therein, it became one of the covenants, upon breach of which a forfeiture might be declared: Kenrick v. Smick, 7 W. & S. 47; Grossman's Ap., 102 Pa. 137; McKnight v. Kreutz, 51 Pa. 232; Quinn v. McCarty, 81 Pa. 480.

The case is ruled by Fernwood Masonic Hall Association v. Jones, 102 Pa. 307.

*W. H. Stanton*, for appellee.—Cases of forfeiture are not favored in law: Goodright v. Davids, 2 Cowper, 803; McKnight v. Kreutz, 51 Pa. 232.

This provision of the lease was personal to lessor, and no assignment of the lease could operate to subrogate plaintiff, his assignee, to his rights in the matter: Smith's Landlord and Tenant, pp. 360, 369, and cases cited.

Fernwood, etc., Ass. v. Jones, 102 Pa. 307, is distinguishable because there was a definite agreement between lessor and lessee, and the price of gas consumed was payable to lessor. Where the reservation is to a stranger, the payment reserved is not, properly speaking, a rent: Jewel's Case, 5 Rep. 5; Coke Littleton, 142 *a*.

That the hardship of a forfeiture should be relieved against, see Merrill v. Trimmer, 2 Co. Ct. Rep. 49.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

The lease between B. C. Davidson and the defendant, contained a provision that the defendant (lessee) shall pay his own gas and water bills. It also contained a clause of forfeiture in case the lessee should not keep and perform all the terms, provisions and stipulations of the lease, or any of them. Then follows the further provision that, "At the end of said term, whether the same shall be determined by forfeiture or expiration of time and notice to quit, it is agreed that an amicable action of ejectment may be entered in the court of common pleas of Lackawanna county, in which the lessor shall be plaintiff, and the lessee, defendant; that judgment shall be entered thereupon in favor of the plaintiff for the premises above described, to have the same force and effect as if a summons in ejectment had been regularly issued, legally served and returned, and that writs of habere facias possessionem, with clause of fi. fa. for all costs, may be issued forthwith."

By the last paragraph of said lease it was "understood and agreed that all the conditions and stipulations herein contained, shall bind the heirs, executors, administrators and assigns of the said parties." Davidson, the lessor, subsequently assigned the lease to the plaintiff, who had become the owner of the property.

The defendant entered into the occupation of the demised premises, and remained in possession for about seventeen months, and during that time paid no water rents. The plaintiff, by virtue of the power contained in the lease, caused a judgment to be entered in ejectment against the defendant for the premises, and a writ of habere facias possessionem to be issued. Upon the application of the defendant, the court below stayed the writ, and granted a rule to show cause why the judgment should not be opened and defendant let into a defence. It is not denied that he had notice to pay the water rent, and that he did not pay it. The court below held that the stipulation in the lease, that the "lessee shall pay his own gas and water bills," did not admit of the construction that a failure to keep and perform it would work a forfeiture of the lease, and made the rule to open absolute, and ordered the judgment to be vacated.

We do not regard the clause in reference to the water rents, as a mere declaration as to who is to pay for the gas and water furnished on the premises. Nor do we think there is any ambiguity as to who the water rents are to be paid to. · The water rents are payable, as every intelligent man knows, to the water company furnishing the water. When, therefore, a tenant covenants in his lease to pay the gas bills, or the water rents, it is as much a condition of his holding as any other covenant therein. If they are not paid, and the tenant vacates the premises, the landlord is obliged to pay them, or have the gas and water cut off from his premises. The latter has a right to protect himself against this, and to enforce a lawful covenant for that purpose in the lease. It was held in Fernwood Masonic Hall Association v. Jones, 102 Pa. 307, that where, in a lease, the lessee covenants to pay the lessor for all gas consumed on the premises, a sum due for gas consumed is to be regarded as rent in arrear, and may be distrained for. While forfeitures are not favored in the law, I apprehend no one will dispute the

right of a landlord to forfeit for nonpayment of rent, where apt words' of forfeiture are embodied in the lease. The right is equally clear to forfeit for nonpayment of water rents where that is the agreement of the parties. In the case in hand, the defendant distinctly agreed that his lease might be forfeited for such nonpayment. He could have avoided it by paying the bills.

The order of the court below, opening and vacating the judgment, is reversed and set aside, and the judgment is reinstated.