## Dickson, Appellant, v. Wood.

*Landlord and tenant—Ejectment—Habere facias possessionem—Abuse of legal process—Trespass—Nonsuit.*

In an action of trespass for an alleged abuse of legal process, it appeared that the plaintiff had leased a house from the defendant for the term of one year from April 1st, at a certain rental per month payable monthly, or within five days thereafter. On expiration of the lease the property was to be surrendered without further notice. The lease further provided that if the lessee failed to pay the rent, or remove from the premises at the termination of the lease, any attorney of record might confess a judgment in ejectment, and authorize the immediate issuing of habere facias possessionem "with clause of fi. fa. for rent due and costs, to be released upon payment of the rent due, costs of suit and five per cent attorney's commissions or fees within five days from the confession of said judgment." Before the end of the term plaintiff knew that the defendant would not continue the lease, and had in fact leased the property to another person. Two days after the termination of the lease the defendant issued a writ of habere facias possessionem with clause of fi. fa. for the last month's rent and costs. The writ was executed the same day it was issued, and, while no levy was made, the month's rents and costs were paid to the sheriff. *Held,* that the defendant was not compelled to wait five days before executing the writ of habere facias, that he acted within his rights, and that a nonsuit was properly entered in the action of trespass.

Argued May 9 1904. Appeal, No. 109, Jan. T., 1904, by plaintiff, from order of C. P. Fayette Co., June T., 1903, No. 229, refusing to take off nonsuit in case of William J. Dickson v. Thomas S. Wood. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass for alleged abuse of legal process. Before REPPERT, P. J.

The facts appear by the opinion of REPPERT, P. J., refusing to take off nonsuit which was as follows:

By agreement dated April 1, 1902, Thomas S. Wood leased to William J. Dickson a certain house and lot situate in the borough of Uniontown, for the term of one year from date at the rate of $25.00 per month, payable monthly as it fell due or within five days thereafter. On expiration of the lease the property was to be surrendered without further notice. It was further provided as follows:

" And on failure of the lessee to pay the installments of rent

as due, keep all the covenants of this lease, or remove from the premises at the termination of the same, then the lessee hereby authorize and empower any attorney of any court of record of Pennsylvania, to appear in said court and confess a judgment in an amicable action of ejectment for the premises above described, and authorize the immediate issuing of a writ of habere facias possessionem with clause of fi. fa. for rent due and costs, without asking leave of court; to be released upon the payment of rent due, costs of suit and five per cent attorney's commission or fees, within five days from the confession of said judgment."

This is an action of trespass for damages for the illegal eviction of the plaintiff from the premises described in the lease and the illegal collection of rent and costs. At the time the plaintiff was evicted the term of his lease had expired. There was no evidence from which the jury would have been warranted in finding that the defendant had in any way whatever consented to a renewal or continuance thereof. On the contrary he had leased the property to another tenant, which was known to the plaintiff, and was endeavoring to get some assurance from the plaintiff that he would observe his agreement to surrender at the end of his term, or, in order to avoid a resort to legal proceedings to recover possession, within a reasonable time thereafter. The plaintiff declined to give any such assurance, and asserted his right, under his view of the terms of the lease, to remain if he saw fit without the consent or permission of the landlord. The defendant thereupon issued a writ of habere facias possessionem with clause of fi. fa. for the last month's rent and costs. The writ was executed the same day it was issued, and, while no levy was made, the month's rent and costs were paid to the sheriff.

As we view the provisions of the lease the term had expired, and the plaintiff produced no evidence that would warrant the jury in finding that he continued thereafter lawfully in possession. It was not therefore a case of forfeiture because the plaintiff had nothing to forfeit. The term having ended the defendant was not compelled to wait five days after issuing his writ before he could execute it, nor could the payment of the rent due and the costs release the judgment if paid within five days from its confession. The defendant acted within his rights under the terms of the lease.

Motion to take off nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*Edward Campbell*, with him *E. C. Higbee*, for appellant.

*Nathaniel Ewing*, with him *John M. Core*, for appellee.

PER CURIAM, May 23, 1904:

The judgment is affirmed on the opinion of the learned judge of the common pleas.