## Stevenson et al. *v.* Dersam, Appellant.

*Landlord and tenant—Lease—Covenants—Subletting—Alterations—Breach of covenants—Parties—Misjoinder of parties—Judgment—Ejectment—Amendment on appeal.*

1. A lease of a hotel forbidding subletting and alterations without permission, is violated where the lessee sells all the personal

property on the premises, and delivers to the purchaser full possession and control of the premises without retaining a share in the profits, and the latter makes alterations.

2. Such a proceeding is not the placing of a mere custodian or agent upon the premises to act for the lessee, and it is immaterial that the purchaser had been nominally appointed agent to conduct the operation of the hotel.

3. Where a lease containing covenants against subletting and alterations is violated, a judgment in ejectment may be confessed under a warrant in the lease, in the name of the lessors and a party to whom they had assigned the lease, and who had entered into an agreement to purchase the premises.

4. It is immaterial that the lessors do not appear in the record, for the use of the purchaser. If such should be considered a defect, it may be corrected by amendment on appeal.

5. Where a lease provides for a right to demand additional rent in case of breach, and also authorizes the entry of a judgment in ejectment case of "violations of any of the covenants or agreements," the remedies are cumulative, and both may be pursued.

6. In such case, the money judgment should be entered for the increased rent from the date of the breach to the date of the ejectment.

*Judgment—Opening of—Evidence—Equitable power of court.*

7. An application to open a judgment is an appeal to the equitable power of the court, and the petitioner must make out a case which would justify a chancellor in entering the decree prayed for.

Argued October 3, 1922. Appeal, No. 210, Oct. T., 1922, by defendant, from order of C. P. Lawrence Co., June T., 1922, No. 11, discharging rule to open judgment in case of James A. Stevenson, Edwin S. Stevenson, Geo. L. Kepler and C. Ed. Smith, Jr., v. John N. Dersam and Leslie Corporation. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified.

Rule to open judgment. Before EMERY, P. J.
The opinion of the Supreme Court states the facts.
Rule discharged. John N. Dersam, appealed.

*Error assigned,* inter alia, was order, quoting record.

*J. Norman Martin* and *Jas. A. Chambers,* for appellant.—All the parties plaintiff could not maintain this action, and the judgment is void: Stoddard v. Emery, 128 Pa. 436; Springer v. Phillips, 71 Pa. 60.

The judgment as to the penalty, and consequently the entire judgment, is void: Lewis v. Smith, 2 S. & R. 142; Ulshafer v. Stewart, 71 Pa. 170; Gray v. Coulter, 4 Pa. 188.

The judgment was not authorized by the warrant of attorney: Ellis v. Ambler, 11 Pa. Superior Ct. 406; Phila. v. Johnson, 208 Pa. 181; Bellevue Boro. v. Hallett, 234 Pa. 191; Com. v. Massi, 225 Pa. 548; Henderson v. Clay Mfg. Co., 24 Pa. Superior Ct. 422.

Judgment as confessed is for two inconsistent remedies: Jacob v. Groff, 19 Pa. Superior Ct. 144; Biery v. Steckel, 19 Pa. Superior Ct. 396.

*J. Clyde Gilfillan,* with him *Robert K. Aiken, W. Walter Braham* and *Clarence A. Patterson,* for appellee.— Warrants of attorney authorizing both amicable action of ejectment and money judgments, are very common in leases in Pennsylvania: Purvis v. Dempsey, 238 Pa. 173; Dickson v. Wood, 209 Pa. 345.

No damages have ever been paid in the present case nor agreed on, and the confession of judgment for money accompanying the amicable action of ejectment was only intended and entered for rent due according to terms of lease.

A motion to open judgment is an appeal to the conscience of the chancellor on the merits of the case and is a waiver of any irregularity of procedure: Treasurer of S. R. E. of A. v. Keller, 23 Pa. Superior Ct. 135.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The Stevensons and Kepler, owners of a hotel property in the City of New Castle, on December 15, 1915, leased it to Dersam for a period of ten years, and he took possession. On March 3, 1922, the lessors entered into an

agreement to sell the premises to Smith, one of the plaintiffs, and to him the lease was assigned. It was then discovered that the tenant, on October 16, 1919, had transferred his rights in the property to the Leslie Corporation, nominally as agent for the purpose of operation. The transaction took the form adopted, because of the inability to secure the assent of the owners to the assignment, but the contract provided for the sale of all of the property of Dersam, who reserved no share in the profits of the business, and agreed to make a formal transfer, when the consent of the lessors was obtained, and was at the time paid in full for any interest he might have. The learned court below found on ample evidence the plan followed was a mere subterfuge, having for its purpose the evasion of the prohibition against subletting without leave.

After the sale to Smith, the actual state of affairs became known, and it was also found that alterations in the building were being made in contravention of a covenant in the lease. A judgment was thereupon entered under the warrant of attorney contained therein for rent due, as well as in ejectment for the premises. A rule to open was granted, and later an application to strike off was presented. It may be here observed that the latter was made absolute in so far as the Leslie Corporation was concerned, it appearing no formal assignment of the lease had been made to it,—an order entirely proper (Stewart v. Jackson, 181 Pa. 549); as to the lessee, it was discharged, no irregularities in the entry of the judgment as to him being apparent on the face of the record: Williams v. Notopolos, 247 Pa. 554.

The real controversy in the present case is based on the refusal to open the judgment, so that certain defenses could be presented. In passing upon the action taken below, it must be borne in mind that such an application is an appeal to the equitable power of the court, and the petitioner must make out a case which would justify a chancellor in entering the decree prayed for:

Kline v. Fitzgerald Bros., 267 Pa. 468.   The question for us to determine is whether there has been a rightful exercise of the discretion lodged in the lower court: Kaier v. O'Brien, 202 Pa. 153.

The breaches of the covenant complained of are, subletting and alteration of the building without the consent of the owners.   The lessee had agreed "not to relet or sublet the premises or any part thereof, not to assign this lease,......nor to make any improvements or additions on said premises, or changes in, or additions to, the electric wiring or gas pipes or plumbing, without the written consent of the lessor endorsed thereon; ......nor to remove, destroy or damage in any way improvements made by lessee or the lessor on the premises without the written consent of said lessor, and, in case of the breach of any of the conditions of this covenant, then to pay for the use of said premises an increased rent, or sum of Five Hundred ($500) Dollars in addition to the rent hereinbefore reserved, payable by the said lessee, or by the said lessee and his subtenants, or licensees, in equal monthly payments at the time of payment of the rent hereinbefore reserved, computing from the date of the breach of any of the terms of this covenant."

The judgment was entered by virtue of a subsequent clause, which provided: "In case of violation of any of the covenants and agreements hereinbefore made by said lessee, then the said lessee hereby authorizes and empowers any attorney to appear in the court of common pleas of any county and confess a judgment against him and issue fieri facias for the amount due according to the terms of this lease, with costs of suit or suits and ten per cent attorney's commission, without leave of court; and in case of violation of any of said covenants or agreements by said lessee, the said lessee further authorizes and empowers any attorney, either in addition to or without such judgment for the amount due according to the terms of this lease, to appear and confess judgment

against him in an amicable action of ejectment for the premises above described and authorizes the immediate issuing of a writ of habere facias possessionem, with clause of fieri facias for the amount of such judgment and costs without leave of court."

The judgment confessed was in the name of the lessors and their assignee, who had likewise entered into an agreement of purchase, though no conveyance had at the time been made. Defendant insists this was a misjoinder, which entitled him to a dismissal of the proceeding. A like suggestion was made in Williams v. Notopolos, 259 Pa. 469, where, under similar facts, the objection was held untenable. There, the suit was instituted in the name of the lessor for use of their assignee and vendee, as well as in the name of the latter individually, the breach of the covenant having occurred after the conveyance of the property. In the present case, no deed had been made, and the breaches were before and after, the alterations to the building having commenced prior to March 3, 1922, continuing subsequently. The only difference in the naming of the plaintiffs is in the statement, in the case cited, that the vendors appeared for the use of the purchaser. This variance is not material. If the failure to so designate the parties here be considered a defect, the record will be treated as amended in the appellate court: Hewitt v. Democratic Pub. Co., 271 Pa. 546. Defendant relies upon Stoddard v. Emery, 128 Pa. 436, as sustaining his contention. What that case decides is that in an action brought by the assignor of a lease for use, without joining the transferee individually, recovery can be had only for breaches occurring prior to the assignment. This does not control the situation now presented.

The right to maintain the present ejectment is further denied on the ground that no covenant has been breached. Findings of the court below, fully justified by the preponderance of evidence, are to the contrary. Alterations of the building were made, and a change of possession

permitted, which came within the prohibition of sub-
letting or assigning without the consent of the lessor.
It is true an attempt was made by Dersam and the
Leslie Corporation to conceal the character of the trans-
action, by appointing the latter to act as agent for the
former. But the agreement clearly shows it was an at-
tempted transfer of the lease to be subsequently com-
pleted as to form when the approval of the owners could
be obtained. The corporation bought in full all the
property of Dersam, took possession and operated the
hotel, and he had no remaining financial interest in it.
This was not the placing of a mere custodian or agent
upon the premises to act for the lessee, but an assignment
of all interest in the lease to another, an act prohibited
by the contract. As was said in Greenaway v. Adams, 12
Ves. Jr. 395, 33 Eng. R. 149: "It would be very strange,
if the landlord meant to restrain underletting, that he
should not mean to forbid the tenant to part with the
whole interest. Clearly both according to the letter and
the spirit, this covenant did restrain assignment without
license." See also I. M. & C. Union v. Railway Co., 45
Ind. 281. In the present case, the lessee could neither
sublet nor assign without permission. Nor can we see
any waiver of this restriction. Admittedly, the agree-
ment with the Leslie Corporation, by which it acquired
the rights of Dersam, was not made known to the plain-
tiffs, and they acted promptly when the facts were dis-
covered. The agreement of October 16, 1919, itself
shows that the parties to it did not consider the lessors
to have given up the right to demand written consent, for
it provided for securing the same. Even if Stevenson
was told the corporation was managing the property,
there was nothing to indicate it was not acting merely as
agent for the lessee. The conversations related by Rob-
ingson, denied by all others, do not raise such a conflict
as would justify the opening of the judgment, and the
lower court did not abuse its discretion in so holding.

Defendant further insists no power to enter judgment by confession existed, in view of the paragraph of the lease first quoted above. It is urged that by its term the exclusive redress provided is the right to demand additional rent in case of a breach of covenant, and not to enter an amicable ejectment. But this overlooks the subsequent provisions which permit such action in case of "violation of any of the covenants or agreements." The remedies which are reserved are cumulative, and both may be resorted to: Purvis v. Dempsey, 238 Pa. 173; Murphy v. Marshell, 179 Pa. 516; Dickson v. Wood, 209 Pa. 345. To construe the lease otherwise would give to the lessee the right to sublet, make alterations as he saw fit, or do any of the other things prohibited by the contract, and limit the lessor until the end of the term to a recovery of a comparatively trivial monthly sum as additional rent. This could not have been the intention of the parties, and they have expressly provided otherwise. Ellis v. Ambler, 11 Pa. Superior Ct. 406, relied on by appellant, does not control the present situation. There, the warrant to confess did not authorize the entry of a money judgment for rent or damages. In the case before us, it was expressly permitted "for the amount due according to the terms of the lease."

We find no merit in any of the errors suggested, except as to the judgment entered, complained of in the first assignment. The lease provided that the additional rent should be computed on a monthly basis, from the date of any breach. However, in entering it in the present case, the full sum of $500, with attorney's commissions, was assessed as damages. This should be reduced so as to conform to the agreement of the parties, and be calculated on a monthly basis from October 16, 1919, to the end of the term. From the date of the breach to that of the ejectment, recovery may be had. This liquidation of damages may be made by the court below without opening the judgment: O'Maley v. Pugliese, 272 Pa. 356.

With the modification directed, the judgment is affirmed.