## Austra et ux. v. Gallagher.

*Landlord and tenant — Lease — Assignment — Judgment — Confession — Ejectment—Parties—Amendment.*

1. The purchasers of leased property, who procure a written assignment of the lease and of all the rights of the lessor therein from their vendor, are entitled to enter judgment against the lessee in an amicable action of ejectment in accordance with the terms of the lease.

2. If it appear that judgment has been entered in the names of the vendees and should have been entered in the names of the vendors, to the use of the vendees, the record may be amended by the court without application or formal order.

Ejectment, amicable action, rule to strike off judgment. C. P. Schuylkill Co., May T., 1923, No. 374.

*James J. Bell* and *L. L. Frank*, for plaintiffs; *Henry Houck*, for defendant.

KOCH, J., July 2, 1923.—In March, 1921, Dr. John C. Gallagher, the defendant, leased from P. J. Murphy and Ida Murphy premises No. 210 on the west side of North Main Street, in Shenandoah, and executed a written lease for the same. The term began on April 2, 1920, and ended on April 2, 1921, but the lease provided for a renewal for a like term of one year in case the lessee held over with the consent of the lessors. On Dec. 20, 1922, the lessors served written notice on Doctor Gallagher, terminating the lease and demanding possession of the premises March 31, 1923. On Feb. 20, 1923, Mr. and Mrs. Murphy, by deed, conveyed the demised premises to the plaintiffs in this case, and also, by written endorsement upon the lease, signed and sealed by them in the presence of two subscribing witnesses, assigned and set over unto the plaintiffs all the right, title and interest of the said Mr. and Mrs. Murphy in and to said lease. The plaintiffs, on March 27, 1923, gave to the defendant written notice of their ownership of said premises and of their desire to have and possess said premises on April 2, 1923, and they required the defendant then to deliver possession of the same.

The lease, *inter alia*, contains the following provisions:

"And the said second party hereby waives the usual three months' notice to quit and agrees to surrender said premises at the expiration of said term or the termination of this lease without any notice whatsoever.

"And the said second party does hereby, upon breach of any of the conditions of this lease, authorize any attorney of any court of record to appear for him and enter an amicable action of ejectment and confess a judgment of ejectment therein for the premises herein described, and do authorize the

4 D. & C.

immediate issuing and execution of a writ of *habere facias possessionem*, with clause of *fieri facias* for costs, without asking leave of court."

Doctor Gallagher ignored the notice to quit, and on April 10, 1923, an amicable action and judgment in ejectment was entered in this case in supposed accordance with the terms of the lease, an attorney-at-law appearing for the plaintiffs and another attorney-at-law appearing for the defendant "by virtue of the authority in the lease." The agreement of counsel on which the judgment was entered concludes as follows:

"The judgment in ejectment for the said premises is entered upon the determination of said lease by virtue of the default of the said tenant, Dr. John C. Gallagher, in the non-performance of his agreement to vacate the premises at the expiration of his term according to the terms of said lease, whereby the said lease has absolutely ceased and determined, which absolute ceasing and determination of said lease the said lessors hereby declare and aver."

The lease makes no mention of the heirs, executors, administrators or assigns of either of the parties thereto.

Did the conveyance of the premises and the assignment of the lease authorize the present plaintiffs to enter into this amicable action and confession of judgment in ejectment?

In Stewart v. Jackson et al., 181 Pa. 549, Jackson was Stewart's lessee of two hotels, and Jackson, with Stewart's consent, sublet respectively to L. & W., who defaulted in the rent. The lease contained a power of attorney similar to the one before us, and Stewart had an amicable action and judgment entered against Jackson and his two tenants. The judgment was stricken off the record at the instance of L., upon the ground that he had signed no warrant of attorney for the confession of a judgment against him, "and his coming in as a sub-tenant gave no one authority to confess judgment against him. A judgment by confession must be self-sustaining on the record. . . ." "A judgment cannot be confessed against the assignee of a lease upon a warrant signed by his assignor (Girard Trust Co. v. Cosgrove, 270 Pa. 570, 572), even though the assignee accepts the assignment of the lease according to its full tenor and effect:" Ahern et al. v. Standard Realty Co., 267 Pa. 404.

In Gantz v. Morrett, 31 Lanc. Law Rev. 9, Gantz leased a hotel to LeFevre, who, later, assigned his lease to Morrett, and Gantz ratified the transfer. Morrett failed to pay the rent as stipulated, and Gantz caused an amicable action and confession of judgment in ejectment to be entered by virtue of the warrant in his lease to LeFevre, which lease, *inter alia*, said: "All the provisions of this lease shall be binding on all persons claiming under the parties hereto as fully as if they were in every instance named." But the judgment was stricken from the record on Morrett's petition because the warrant of attorney had not been signed by him.

In Patterson et al. v. Pyle, 1 Mon. 351, the plaintiffs owned the premises in question, but the lease was made to Pyle by one Davis, who acted for the plaintiffs and signed the lease in his name individually. The plaintiffs entered judgment by confession, but it was stricken off, the Supreme Court saying: "There was no authority in the lease to confess a judgment in favor of the plaintiffs. Had the confession of judgment followed the lease, there would have been no room for objection upon this ground."

In Hockley v. McGlinn, 40 Legal Intell. 279, one Morrow had leased to McGlinn, and afterwards conveyed the premises to Hockly, but without any specific assignment of the lease. At the end of the term, McGlinn declined to remove from the premises and Hockly caused an amicable action and judg-

ment in ejectment to be entered against McGlinn by virtue of the terms and power of attorney in the lease, but the judgment was opened upon a petition and rule for that purpose.

In Jenks v. Hendley, 6 Phila. 518, the syllabus says: "A warrant of attorney to confess judgment in ejectment, on certain terms mentioned in a lease, will not authorize the entry of judgment in favor of a purchaser of part of the premises. The authority given must be strictly pursued."

In McClintock's Assignees v. Loveless, 5 Dist. R. 417, Solomon Brand leased to D. S. Loveless and then sold and conveyed the premises to E. S. McClintock and Angell D. Nicholas, and also assigned to them the lease. Subsequently the new owners caused a judgment in ejectment to be entered against Loveless by virtue of a power of attorney similar to the one found in this case. Judge Morrison (now of the Superior Court), in making absolute a rule to strike off the judgment, inter alia, said: "Coming now to the last clause of the lease, the one under which the plaintiff's assignees claim the right to eject the defendant. Literally, it reserves the right to the lessor to terminate the lease at any time by giving thirty days' notice in writing to the second party to that effect. There is no provision to extend this right to the vendees or assigns or heirs of the lessor. It seems to us that such a harsh and unusual clause in a lease ought to be strictly construed, and we are not disposed to extend it by construction a particle farther than its language requires." And again: "We do not construe the last clause in the lease as a covenant or condition running with the premises which the assignor could sell or convey, but it is rather a personal reservation to the landlord; and when he sold and conveyed the premises and assigned the lease, we do not think his vendees can avail themselves of this personal clause for the purpose of arbitrarily terminating the term of this lease and putting the defendant out of possession."

One of the grounds stated in the petition for this rule is: "That the warrant for the confession of judgment in said lease contained is a personal agreement or undertaking between the lessors and the petitioner and does not extend to the assigns of the lessors, the plaintiffs herein."

From what has already been said, it would seem quite clear that this rule should be made absolute. The last case cited is very similar to the one in hand, excepting that in that case the term had not expired, whereas in this case it expired before the judgment was entered. But the plaintiffs bring to our attention several other cases of more recent date which must be considered here. One of them went to the Supreme Court twice, and is reported as Williams v. Notopolos in 247 Pa. 554 and 259 Pa. 469. Homer D. Williams and John F. Williams owned a lot of ground, which they leased, in writing dated June 17, 1913, to A. Notopolos for a term of five years from Sept. 1, 1913. The lease contained a covenant requiring the lessee to submit to the lessors for their approval all plans of the lessee for the improvement of the property. It also contained a warrant of attorney similar to the one which appears in the lease before us. But there was in the lease to Notopolos the following clause: "All rights and liabilities given to or imposed upon either or any of the parties hereto shall extend to and be binding upon and inure to the benefit of the heirs, executors, administrators and assigns of such parties." In August, 1913, Williams and Williams sold the premises to George Panagotacos subject to the leasehold of Notopolos. On Sept. 26, 1913, Panagotacos, averring a breach of certain covenants in the lease, entered an amicable action of ejectment in the name of the grantors for his use. Possession of the premises was delivered to Panagotacos by the sheriff. A few days afterward, Notopolos petitioned the court to strike off the judgment and

4 D. & C.

Austra et ux. v. Gallagher.

quash the writ issued thereon, or grant a rule to open the judgment, the petitioner to be restored to possession pending the determination of the rule. The court below granted both rules, and later struck the judgment from the record. So the case was appealed to the Supreme Court (247 Pa. 554), and the order of the court below was reversed because the petition averred no "irregularity or invalidity in the judgment appearing on the face of the record, and, therefore, the court could not strike it off" (page 558). But the Supreme Court opened the judgment and awarded a *procedendo* because certain averments in the defendant's petition warranted the granting of the rule to open the judgment. Although Williams and Williams had conveyed the property to Panagotacos, it seems they did not assign the lease to him, and Notopolos averred in his petition that the record did not show an assignment of the lease. In the appeal in 259 Pa. 469, the Supreme Court said: "The real question in this case, raised by the several assignments of error, is whether the plaintiff had the right to enforce forfeiture of the lease for the reason assigned in his statement, and, if so, whether his good faith in so doing is a question for the jury.

"The plaintiff, as owner of the reversion, is entitled, under the Act of 32 Henry VIII, ch. 34, which is in force in Pennsylvania, to all the rights and remedies under the lease which belonged to his grantors, the original lessors." But the case throws little light on the question before us; the question here was not touched there.

In Stevenson et al. v. Dersam, 275 Pa. 412, Stevenson and Kepler leased their hotel to Dersam for ten years from Dec. 15, 1915. In 1922 they entered into an agreement to sell the premises to Smith, and they assigned the lease to him. Then it was discovered that the lessee, on Oct. 16, 1919, had transferred his rights to the Leslie Corporation without the owner's consent. It also became known, after the purchase by Smith, that alterations were being made in contravention of a covenant in the lease. Then a judgment in ejectment was entered in the names of James A. Stevenson, Edwin S. Stevenson, George L. Kepler and C. Ed. Smith, Jr., v. John N. Dersam and Leslie Corporation. The judgment was entered under a warrant of attorney in the lease, and a rule to open was granted, and, later, an application to strike off was presented. The rule to strike off was made absolute as to the Leslie Corporation, but "as to the lessee, it was discharged, no irregularities in the entry of the judgment as to him being apparent on the face of the record: Williams v. Notopolos, 247 Pa. 554."

The real controversy in Dersam's case was based on the refusal to open the judgment so that certain defences could be presented. But the confession of judgment under the warrant of attorney also received some attention. At page 417, the court says: "The judgment confessed was in the name of the lessors and their assignee, who had likewise entered into an agreement of purchase, though no conveyance had at the time been made. Defendant insists this was a misjoinder which entitled him to a dismissal of the proceeding. A like suggestion was made in Williams v. Notopolos, 259 Pa. 469, where, under similar facts, the objection was held untenable. There, the suit was instituted in the name of the lessor for use of their assignee and vendee, as well as in the name of the latter individually, the breach of the covenant having occurred after the conveyance of the property. In the present case no deed had been made, and the breaches were before and after, the alterations to the building having commenced prior to March 3, 1922, continuing subsequently. The only difference in the naming of the plaintiffs is in the statement in the case cited, that the vendors appeared for the use of the purchaser.

Austra et ux. *v.* Gallagher.

This variance is not material. If the failure to so designate the parties here be considered a defect, the record will be treated as amended in the appellate court: Hewitt *v.* Democratic Publishing Co., 271 Pa. 546."

A consideration of all the cases hereinbefore cited brings us to the conclusion that the deed and assignment of the lease in this case gave to the Austras the right to enter a judgment against Doctor Gallagher in the name of P. J. Murphy and Ida Murphy, now to the use of Dr. Joseph J. Austra and Anna V. Austra, his wife, and that upon the facts disclosed by the record in this case, the record may be amended accordingly.

Therefore, now, July 2, 1923, the rule to strike off the judgment is discharged, and the plaintiffs are permitted, without further application or order, to so amend the record that the plaintiffs shall be P. J. Murphy and Ida Murphy, now to the use of Dr. Joseph J. Austra and Anna V. Austra, his wife.

From M. M. Burke, Shenandoah, Pa.