### Girard Trust Company v. Curry et al.

*Lease—Coal lease—Forfeiture—Warrant to confess judgment—Wrongful entry of judgment—Failure of lessor to comply with terms relating to forfeiture.*

Where a coal lease prescribes the specific manner in which the lessor may declare a forfeiture, and contains a clause authorizing confession of judgment in ejectment, a judgment so entered will be opened where it appears that the lessor had not declared a forfeiture in the manner directed in the lease.

Motion to strike off judgment. C. P. Somerset Co., Sept. T., 1923, No. 258.

*N. T. Boose* and *Joseph D. McCoy*, for lessor.

*Uhl & Ealy* and *F. J. Hartmann*, for lessees.

BERKEY, P. J., Feb. 6, 1924.—On Jan. 26, 1918, Cosgrove & Co., a partnership, entered into a leasehold agreement with the Girard Trust Company,

substituted trustee under the will of Frederick J. Anspach, deceased, for mining certain coal in and under five tracts of land, situate in Addison Township, Somerset County, for a term of fifteen years.

On Jan. 2, 1922, plaintiff alleges an agreement for the same land was entered into between said Girard Trust Company, trustee as aforesaid, and Thomas F. Curry and Martin McDermott, the defendant, predicated generally upon the terms of the former agreement. It is under the latter agreement this proceeding was instituted. The record raises two questions necessary to be disposed of in this proceeding to properly settle the matters in issue:

First, was it necessary for the plaintiff to terminate the lease before confessing the judgment? and, second, is there authority in the lease for the confessing of a judgment for royalties past due?

In order to determine these inquiries, it is necessary to cite paragraphs 10 and 12 in the alleged lease, dated Jan. 2, 1922.

Paragraph 10. "It is expressly understood and agreed that all the conditions and covenants designated herein shall be kept, observed and performed by lessees, and shall and do constitute the consideration to lessor for the possession and privileges herein granted for the term hereby specified, and upon lessee's failure or neglect to keep, observe and perform such conditions or any part thereof in any particular, all rights and privileges herein granted shall cease and determine, and lessor, or its authorized agent, shall have full right of repossessing itself of the premises hereby leased, and this lease shall, at the option of lessor, become and be forfeited and come to an end, without the necessity of recourse to any court of any legal proceedings whatsoever."

Paragraph 12. "In case said royalty or rent is not paid when it becomes due, or any of the covenants, terms and conditions of this lease are not kept, observed and performed by lessees, lessor may, on the non-compliance with or non-performance of said covenants, terms and conditions by lessees, their agents or employees, for a period of thirty days after demand for performance thereof, by notice in writing given to lessee or posted publicly at the mine, terminate this lease; and lessees hereby authorize any attorney of any court of record in the Commonwealth of Pennsylvania to appear and confess judgment against them in an amicable action of ejectment for the premises herein described, and hereby authorize the immediate issuing and execution of a writ of *habere facias possessionem,* with a clause of *fieri facias* for the royalties or rent then due, all costs and an attorney's commission of 10 per cent. on any amount due, and releases of all errors, without stay of execution and waiving benefit of any and all exemption laws now in force or which may be hereafter passed."

The tenth paragraph provides the lessor shall have the right, at its option, to declare a forfeiture for breach of any of the covenants of the lease to be performed by the lessee. The twelfth paragraph points out to the lessor the mode of forfeiture to be pursued by it, viz.: "Lessor may, on non-compliance with or non-performance of said covenants, etc., for a period of thirty days after demand for performance thereof, by notice in writing given the lessee or posted publicly at the mine, terminate this lease." Both paragraphs cited provided a method to be pursued by the lessor to gain possession, either of said methods being available to the lessor, but the lessor undertook to enforce its conceived rights by the means provided in paragraph 12. The petitioners assert in the tenth paragraph of their petition "that said plaintiff had not terminated said alleged lease under its provisions, and had not given your petitioners written notice of default as specified therein." The respondent replies, "that under the provisions of the lease, the defendants being in default

Girard Trust Company v. Curry et al.

in the payment of three months' royalties, there was no need for a notice to terminate the lease, nor was written notice of default required."

The answer set up by the lessor is not tenable. The alleged contract is nothing more than an embodiment of the law as laid down by our courts. There is no denial by the lessor of the allegations by the lessees of an assertation of forfeiture as provided by the alleged lease set up by the lessor; wherefore, under the admitted facts in the pleadings, the lessor had not exercised its right of forfeiture and had no right to confess judgment in an action of amicable ejectment against the lessees: Wills v. Manufacturers' Natural Gas Co., 130 Pa. 222; Hand v. Suravitz, 148 Pa. 202.

The warrant of attorney in the alleged lease was, therefore, without anything upon which it could operate (a) to confess a judgment in amicable ejectment; (b) to cause the issuing of a writ of possession with a clause of fi. fa. for costs; nor did the warrant of attorney warrant an assessment of money damages for royalties or rent in arrear: Ellis v. Ambler, 11 Pa. Superior Ct. 406. Nor is there any authority therein, even if the warrant of attorney were operative, to authorize the issue of a testatum fi. fa.

The plaintiff having failed to show by the alleged contract on which it relies that its proceedings thereunder are valid, it is not necessary for the court to determine in this proceeding whether the alleged lease is binding on the lessee, as such determination would in no wise increase the rights of the plaintiff if found in its favor. For the purpose of this decision, it has been treated as binding on both parties, and, being thus treated, the court concluded all the proceedings by the plaintiff must be set aside.

### Decree.

Now, Feb. 5, 1924, this cause came on to be heard, was argued by counsel, and after due consideration, for the reasons contained in the foregoing opinion, the judgment is vacated and stricken from the record and the writ of fi. fa. and the writ of testatum fi. fa. issued under said judgment are vacated; the costs of this proceeding to be paid by the plaintiff.

From Daryle R. Heckman, Somerset, Pa.