## VINCENT v. NATIONAL DRUG STORES, Inc.

(District Court, E. D. Pennsylvania. January 27, 1925.)

No. 3203.

1. Landlord and tenant ⊂⊃107—Landlord held entitled to terminate lease for nonpayment of taxes.

A landlord is entitled to terminate lease on nonpayment of taxes on the property, which the lessee covenanted to pay, where lease provided that it should terminate at lessor's option, if the lessee should not well and truly perform each and every covenant and agreement therein contained.

2. Landlord and tenant ⊂⊃103(1)—Receivers ⊂⊃71—Lessee cannot plead equities of its subtenants to avoid forfeiture of the lease; right of tenant's receiver to possession no greater than tenant's.

A lessee cannot plead the equities of its subtenants, under leases made without the landlord's consent, as a defense to forfeiture for breach of condition; nor have its receivers any higher rights in the premises than the corporation they represent.

In Equity. Suit by one Vincent against the National Drug Stores, Inc. On rule on

receivers for order directing them to deliver possession of real estate under lease. Rule made absolute.

Isaac Hassler and Benjamin Ludlow, both of Philadelphia, Pa., for the rule.

Morris Wolf, of Philadelphia, Pa., opposed.

THOMPSON, District Judge. The receivers are in possession of premises at the northwest corner of Thirteenth and Market streets, Philadelphia, under a lease from the Thirteenth & Market Streets Realty Company as assignee of the lessors. The lease contains provisions as follows:

"In addition to the said rentals, lessee agrees to pay all municipal taxes, water rents, and insurance on said premises during the term of this lease; the taxes to be paid on or before the 31st day of August of each and every year of the term.

\*    \*    \*    \*    \*

"And it is further agreed that if the said rent, or any charges herein included as rent, shall at any time be in arrears and unpaid, or if the said lessee shall fail to comply with the conditions of this lease or notice given under the terms thereof, or shall not well and truly perform and fulfill each and every covenant and agreement herein contained on the part of the lessee to be performed and kept, then this lease shall, at the option of the lessors, cease and absolutely determine.

\*    \*    \*    \*    \*

"No such determination of this lease, nor taking or recovering possession of the premises, shall deprive the lessors of any action against the lessee for possession, for rent, for any expenses incurred in removing ashes, rubbish, or refuse matter from the premises or otherwise, or for damages."

The National Drug Stores Company defaulted on or before August 31, 1924, in payment of municipal taxes amounting to $55,890 for the year 1924. Extensions for payment were granted and partial payments made from time to time, until on December 19, 1924, when the receivers were appointed, taxes amounting to $18,390, with interest from August 31, 1924, remained unpaid. The landlord then gave notice that it exercised its option to terminate the lease and demanded immediate possession of the premises.

[1] It is contended on the part of the receivers that, inasmuch as, under the covenant for payment of municipal taxes, such taxes are not included as rent, there has been no such breach as, under the terms of the lease, creates a forfeiture. While it is true that the taxes are not included as rent, yet the forfeiture clause contains a covenant that, if the lessee shall not "well and truly perform and fulfill each and every covenant and agreement herein contained on the part of the lessee to be performed and kept, then this lease shall at the option of the lessors cease and absolutely determine." It is therefore immaterial whether the breach of covenant is for nonpayment of taxes as rent or as taxes agreed to be paid. The agreement to pay the taxes was one of the covenants of the lease and has not been performed. Hence the lessor is at liberty, as it has done, to exercise its option and cause the termination of the lease. Hand v. Suravitz, 148 Pa. 202, 23 A. 1117; Stevenson v. Dersam, 275 Pa. 412, 119 A. 491.

[2] It is earnestly urged on the part of the receivers that the interests of subtenants holding under the lessee are entitled in equity to protection. The receivers were appointed under an ancillary bill, a receiver having been appointed under a stockholders' bill filed in the Southern district of New York. The receivers are not parties to the subleases, but only acquire the rights of the National Drug Stores, Inc., in the lease. Their rights rise no higher than those of the corporation. If the receivers had not been appointed, the subtenants could not look to the landlord, but only to the corporation, for damages, if the corporation, from insolvency or other cause, failed to pay the landlord while enjoying the receipt of rentals from the subtenants. If the corporation failed to protect its subtenants through its default under the covenants of the lease, it could not, in an action at law for forfeiture, defend against the results of its default by pleading the equity of its subtenants. Odell v. Batterman Co., 223 F. 292, 138 C. C. A. 534. Equity follows the law, and, if the law would not allow the subtenants' rights as a defense to a forfeiture of the lease, a court of equity will not interfere by depriving the landlord of its lawful right of possession, and compel it to bear the loss arising through subleases created without its consent.

Rule absolute.