## Temple et ux. v. Reteneller et ux.

*Matthew Kramer*, for plaintiffs.
*Emanuel Romm*, for defendants.

MacNeille, P. J., November 7, 1945.—Francis E. Temple and Mary A. Temple, assignees of Heyer-Kemner, Inc., as plaintiffs, seek to recover from defendants, William Reteneller and Marie J. Reteneller, his wife, certain premises purchased by the Temples, and which are tenanted by defendants. They have had the consent of the rent control authority and the proceedings are apparently regular.

We have before us a rule by defendants to strike off a judgment which plaintiffs have caused to be entered against them in an amicable action and confession of judgment in ejectment. This judgment was entered in accordance with the ninth condition of a lease which had been executed by Heyer-Kemner, Inc., with the Retenellers prior to the time that the Temples had purchased the property—the lease being dated April 25, 1941, and assignment was made by Heyer-Kemner, Inc., to the Temples, plaintiffs in this suit, on September 1, 1944.

The ninth condition of the lease provided that if the lessee shall violate any covenant or condition therein contained, or shall fail to vacate the premises at the end of any term, the lease may absolutely determine at the option of the lessor. Then the ninth paragraph provides also that any attorney may immediately appear for the lessee in an amicable action of ejectment to be brought by the lessor in any competent court.

The preamble to the lease, after setting forth the names of the parties, term, the rent, the day of the month on which rent should be paid in advance, and the address of the property, continues in these words:

"And it is hereby covenanted between the lessor and the lessee, for themselves, their respective heirs or successors and assigns as follows":

Then appear paragraphs one to ten, and we are concerning ourselves with number nine.

We are of the opinion that the assignment of this lease carried with it all the agreements, covenants and conditions contained therein. Since this lease was properly assigned by Heyer-Kemner, Inc., agent, as lessors, to plaintiffs in this case, we think they have a right to avail themselves of the conditions in the ninth paragraph thereof: See Isman v. Niederman, 74 Pa. Superior Ct. 175; also Stevenson et al. v. Dersam, 275 Pa. 412. Both these decisions are in line with Hand v. Suravitz, 148 Pa. 202. In his opinion in that case, Chief Justice Paxson draws attention to the fact that Davidson was the original lessor and defendant the original lessee. Davidson had made an assignment of the lease to Hand. The lease contained a clause of forfeiture in case the lessee should not "keep and perform all the terms, provisions and stipulations of this lease, or any of them". It contained a further provision that:

"At the end of said term . . . judgment shall be entered thereupon in favor of the plaintiff for the premises above described . . .

And, by the last paragraph of the lease, it was:

". . . understood and agreed that all the conditions and stipulations herein contained, shall bind the heirs, executors, administrators and assigns of the said parties."

This is a fairly close analogy to the lease in the instant case, and we think controls the situation. Assuming that, by reason of the assignment of the lease, plaintiffs are within their rights, we see no irregularity on the face of the proceedings that would justify us in striking off this judgment.

Wherefore, the rule is discharged.