# Grossman's Appeal.

A lease between A. & B. provided, inter alia, that B. should not as-
sign the lease or underlet the demised premises without A.'s written con-
sent.  There was also a clause that upon the non-payment of rent, or
"upon the breach of any other condition," the lessor as attorney for the
lessee, might enter judgment against him in an amicable action of eject-
ment, and issue a writ of hab. fa. poss.  B. died in possession, and his
widow afterwards paid a month's rent in advance which was accepted by
A.  Before the expiration of this month and when there was no rent due
him, on an unfounded rumor that she had assigned the lease, A., who was
aware of B.'s death, entered judgment against the dead man, and issued
a writ of hab. fa. poss. under which the widow was dispossessed of the
premises.  Thereupon, as administratrix, she took a rule to open the judg-
ment and let her into a defence, and to set aside the writ.  Depositions
were taken, and after argument, this rule was discharged by the court,
whereupon the administratrix appealed, assigning for error (1) the action
of the court in discharging her rule, and (2) in not striking off the judg-
ment against the dead man.

*Held*, That under the evidence, the court erred in not opening the
judgment and allowing the administratrix to defend; but that as the writ
of hab. fa. poss. had been executed, there was no error in not setting it
aside, since its force and effect might be determined after the trial as to
the validity of the judgment.

*Held* also, that as no motion appeared of record to strike off the judg-
ment, the second assignment would not be considered.

January 15th 1883.   Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

APPEAL from the Court of Common Pleas, No. 1, of *Phila-
delphia county :* Of July Term 1882, No. 44.

This was, in the court below, a rule to show cause why a
judgment, entered under a power of attorney contained in a
lease against a deceased lessee, should not be opened and the
administratrix let into a defence, and a writ of habere facias
possessionem set aside.

The following were the material facts :—On October 3rd
1881, Joseph Huber rented to Michael Grossman for the term
of three years from October 1st 1881, at $40 per month, pay-
able in advance, the premises, S. W. corner of Lawrence and
Cumberland streets, in the city of Philadelphia.  A lease was
executed, in which the lessee bound himself, inter alia, not to
assign the lease or underlet any part of the premises without
the written consent of the lessor.  There was also a clause that

[Grossman's Appeal.]

at the end of the term, or on non-payment of rent, "or upon breach of any other condition," the lessee should be a mere tenant at sufferance, and the lessor as attorney for the lessee might sign an agreement for entry of an amicable action and judgment in ejectment against the lessor, for the recovery of possession, and issue hab. fa. poss. forthwith. Grossman entered into possession, paid his rent promptly, and died, January 28th 1882, leaving a widow, Fredericka, and seven children.

On February 1st following, the widow paid the rent for that month in advance, which was accepted without question. She then decided to sell out the saloon, and one Adam Mausmann offered her $350 for the unexpired term of the lease and the goodwill, stock and fixtures of the saloon. To this she agreed on condition that Huber would consent to the transfer. Mausmann then called on Huber, and in consequence of what he reported to Mrs. Grossman in reference to the result of this interview, she accepted $25 from him to bind the bargain, and requested him to take charge of the saloon for her until the arrangement was completed. This he did, and she moved, with part of her goods, to another house.

On February 14th Mausmann again went to Huber, who then declined to accept him as a tenant, and on the sixteenth of the same month Huber told Mrs. Grossman that he would not consent to the transfer to Mausmann. According to her testimony, she then asked Mausmann to remain as her barkeeper until the matter was settled, which he consented to do, and she did not return to the premises nor remove the remainder of her goods.

On February 20th Huber, who knew of Grossman's death, and that there was no rent in arrear, made affidavit that the premises had been underlet to Mausmann, without his (Huber's) assent, and thereupon, under the power of attorney in the lease, confessed judgment against the dead man, and the same day issued a writ of habere facias possessionem, and a fi. fa. for costs, and without notice to Mrs. Grossman ejected her and her goods from the premises.

As administratrix of her husband, she immediately moved for a rule to open the judgment, and let her in to a defence, and to set aside the writ. Depositions were taken, and after argument the rule was discharged by the court.

Thereupon Mrs. Grossman took this appeal, assigning for error (1) the action of the court in discharging her rule; and (2) in not striking off the judgment against the dead man.

*William F. Johnson*, for appellant.—The testimony did not disclose a sale to Mausmann. There was simply an agreement to sell which was never consummated on account of the inter-

ference of Huber.   A covenant not to under-let or assign with-
out the lessor's written consent is a restraint which courts of
law do not favor : Taylor on L. & T. §§ 402, 403 ; Church *v.*
Brown, 15 Ves. 265 ; Doe *v.* Carter; 8 Term R. 61.   The appel-
lee's alleged right to dispossess the appellant rested solely on
the assumed transfer of the lease by the appellant, and as no
such transfer was shown, the court erred in not allowing the
rule to open the judgment and set aside the writ.

*Bradbury Bedell* (with whom was *Frederick K. Vogel*), for
appellee.—The testimony showed that Mausmann paid $25 on
account of the purchase money, and never asked for its return ;
that he bought coal, beer, cigars, &c., for the saloon for which
he himself paid ; and that he kept no account of sales.   It is
clear, therefore, that there was an actual sale to him.   In view
of these facts, the court below, in the proper exercise of its dis-
cretion, found that there had been an underletting or assign-
ment of the demised premises without the written consent of
the lessor, and properly refused to open the judgment.

Chief Justice MERCUR delivered the opinion of the court,
October 1st 1883.
As the record does not show that any motion was made to
strike off the judgment, we cannot consider the second specifi-
cation of error.   We will consider the first assignment only.
The intestate died in possession under a lease for a term of
three years which has not yet expired.   After the death of the
intestate and with full knowledge thereof, the appellee accepted
payment from the appellant, the widow and administratrix of
the tenant, for a month's rent in advance.   Before the expira-
tion of this month and when no rent was due him, on an un-
founded rumor that the appellant had assigned the lease, the
appellee entered a judgment against the dead man, and issued
a writ of hab. facias possessionem, and a fi. fa. for costs.
The controlling facts in the case are scarcely controverted
by the evidence.   The appellee testified that he knew of the
death of the tenant on the day he died, and that he left a widow
and children, and that the rent was afterwards paid in advance;
that no rent was due even at the time he testified on the rule
taken by the appellant to open the judgment.   There is con-
siderable evidence that the appellee assented to a transfer of the
lease to one Mausmann, and under that assent the appellant did
arrange with him to take possession.   Before any written trans-
fer of the lease was made, and before full possession was to be
given, the appellee objected to Mausmann as a tenant, and the
proposed sale to the latter by the appellant fell through.   It was
not consummated if the evidence be believed.   As we under-

stand the case the alleged right of the appellee to re-enter and take possession of the demised premises rests solely on the assumed transfer of the lease or term of the appellant. Without such transfer no cause appears to have been shown to justify a disturbance of the possession of the widow and heirs of the decedent.

The express and positive evidence is so strong and preponderating that there was no breach of any condition imposed on the tenant, we think the learned judge erred in not opening the judgment.

Without previous notice of the judgment or execution the appellant was dispossessed at the early hour of eight o'clock in the morning in February. At the opening of court at ten o'clock on the same morning, the appellant promptly moved for the rule to open the judgment. She did not sleep on her rights. On the evidence the court should have stayed all further proceedings on the execution and opened the judgment. As the writ of hab. fac. poss. had been executed we cannot say that it should then have been set aside. After the trial on the issue as to the validity of the judgment and the forfeiture of the lease, the force and effect of the writ of possession can be determined.

> Decree reversed at the costs of the appellee: rule made absolute so far as to open the judgment and the appellant be permitted to defend, and all proceeding on the execution be stayed in the meantime, and a procedendo be awarded.