# Williams *v.* Notopolos.

*Judgments — Confessed judgments — Ejectment — Striking off judgments—Opening judgments—Appeals.*

1. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a

motion to open it is an appeal to the equitable power of the court
to let the defendant into a defense.

2. A confessed judgment in ejectment entered by virtue of a
warrant of attorney for the possession of leased premises should not
be stricken from the record where the petition for an order strik-
ing off the judgment does not allege defects apparent on the face
of the record, but sets up matters dehors the record by denying
the allegations of the statement of claim filed in the action of
ejectment; the proper practice in such cases is to open the judg-
ment and let the defendants into the defense.

3. On appeal from an order striking off a confessed judgment
where it appears that an order opening the judgment would have
been proper the Supreme Court will vacate the erroneous order
of the court below and make such order as the court below should
have made.

Argued Sept. 28, 1914. Appeal, No. 33, Oct. T., 1914,
by plaintiffs, from order of C. P. Cambria Co., Dec. T.,
1913, Nos. 120 and 18, striking off judgment, and quash-
ing writ of habere facias possessionem respectively, in
case of Homer D. Williams and John F. Williams, for
use of George Panagotacos, v. A. Notopolos. Before
FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and
STEWART, JJ. Reversed.

Amicable ejectment for the recovery of leased prem-
ises.

Rule to strike off a confessed judgment and to quash
a writ of habere facias possessionem. Before STEVENS,
P. J.

The opinion of the Supreme Court states the facts.

The court ordered the judgment to be stricken from
the record, quashed the writ of habere facias posses-
sionem and directed that the sheriff make restitution of
the possession of the premises to the judgment defend-
ant. Plaintiff appealed.

*Error assigned* was the order of the court.

*Percy Allen Rose,* of *Forest & Percy Allen Rose,* for appellants.

*J. Earl Ogle, Jr.,* with him *Thomas C. Hare,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

Homer D. Williams and John F. Williams were the owners of a lot of ground and a three-story brick building erected thereon in Johnstown, Pennsylvania. By an agreement in writing, dated June 17, 1913, they leased the premises to A. Notopolos, the defendant, at an annual rental payable monthly, for the term of five years from September 1, 1913, with the privilege of a renewal for a like term. The lease contained, inter alia, the following covenant: "Lessee agrees that all plans for alterations, improvements and changes to said building shall be submitted to and be approved in writing by the said lessors, their duly authorized agents or attorney, before any work is done or changes made in the said building." The lease also contained a warrant of attorney, authorizing any attorney on the breach of any condition of the lease to enter an amicable action of ejectment in any court of record for the premises therein demised, and to confess judgment against the lessee, with the right to issue thereon a writ of possession with a clause of fieri facias for the rent due and costs.

In August, 1913, George Panagotacos, the use-plaintiff, purchased the premises from the lessors, subject to the leasehold of Notopolos. On September 26, 1913, Panagotacos, averring a breach of certain covenants in the lease, entered an amicable action of ejectment in the name of his grantors for his use in the Common Pleas of Cambria County, and by virtue of the warrant of attorney contained in the lease, judgment was entered against Notopolos for the premises, and a writ of habere facias possessionem was issued and possession of

the premises was delivered to Panagotacos. A statement of the plaintiff's cause of action was filed in the amicable action to which was attached an affidavit of default made by plaintiff wherein it was averred that the defendant had made material changes in the building on the demised premises without plaintiff's consent or approval and had made other changes in the building in violation of the terms of the lease, and that there was due and unpaid the plaintiff a certain amount of rent under the provisions of the lease.

A few days after possession of the premises had been delivered by the sheriff to the plaintiff, Notopolos presented a petition to the Common Pleas denying that he had violated any of the covenants of the lease, averring that the lessors had agreed that the lessee might make necessary changes and alterations in the premises and building, alleging that the changes proposed would enhance the value and improve the appearance of the building, averring that he was dispossessed of part of the premises by virtue of the proceedings in the ejectment suit, and denying that the provision in the lease for the approval of the plans for alterations by the lessors was a condition for the breach of which the lessors could re-enter. The petitioner also alleged that he had done nothing to warrant his dispossession from the premises, and averred that the record did not show an assignment of the lease to Panagotacos. The petition prayed for a rule to show cause why the judgment should not be stricken off and the habere facias issued thereon be quashed, or, if the court should be of opinion that the record did not warrant such rule, that a rule be issued to show cause why the judgment should not be opened and petitioner let into a defense, the writ of habere facias be stayed, and petitioner be restored to possession pending the determination of the rule. The court granted both rules as prayed for, and directed the proceedings on the habere facias to be stayed until the rules were disposed of. Subsequently, the court made

an order declaring the judgment and the writ of possession issued thereon illegal, and directed that the amicable action and judgment be stricken from the record, that the writ of possession be quashed, and all proceedings thereunder be vacated and set aside, and that the sheriff forthwith make restitution of the possession of the premises to the defendant. The plaintiff has taken this appeal.

The above recital of the facts of the case discloses that the learned court erred in making absolute the rule to strike off the judgment instead of making absolute the rule to open the judgment and let the defendant into a defense. The petition on which the two rules were granted did not set up any matters which warranted the court in summarily striking the judgment from the record. There was no averment in the petition of any irregularity or invalidity in the judgment appearing on the face of the record, and therefore the court could not strike it off: Lawrence v. Smith, 215 Pa. 534; Johnson v. Royal Insurance Co., of Liverpool, 218 Pa. 423. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense: O'Hara v. Baum, 82 Pa. 416. "Opening a judgment and striking it off," says SHARSWOOD, J., in Breden v. Gilliland, 67 Pa. 34, 37, "are two entirely different things. No court has power to strike off a judgment regular on its face."

The warrant of attorney authorized the entry of the judgment against the defendant for the breach of any of his covenants contained in the lease and the statement or declaration filed in the amicable action averred the breach of the covenants and these averments were supported by an affidavit. The action of the court on the application of the defendant to open or strike off the judgment should have been controlled by the averments of the petition. The petition of the defendant denied

that he had violated any of his covenants contained in the lease, and that therefore there was no ground for the entry of judgment against him on the warrant of attorney. It is true there are other matters set up in the petition to sustain the denial that the defendant had committed a breach of any of his covenants contained in the lease. The defendant's prayer for relief was based upon his representation "that he has a full and legal defense to the claim that a condition of his lease has been broken." The matters for relief, as presented to the court for its consideration and action, were matters not appearing upon the face of the record of the amicable action of ejectment, but dehors the record. It is, therefore, manifest that the learned court below should have discharged the rule to strike off the judgment, and, conceding the facts to be sufficient, should have made absolute the rule to open the judgment and let the defendant into a defense. This would have been in conformity with well established practice.

The evidence presented to the court below was sufficient to justify opening the judgment and affording the defendant an opportunity to establish the defense set up in his petition. We will not prejudge the case by going into the merits on this application. That the final disposition of the case may not be delayed, we will follow the practice adopted in Grossman's App., 102 Pa. 137, and make an order opening the judgment so that the court below may proceed at once to have the validity of the judgment determined.

The order making absolute the rule to strike off the judgment is vacated and set aside, and the rule discharged; the rule to show cause why the judgment should not be opened and the defendant let into a defense is made absolute and the judgment opened, and a procedendo is awarded. Further proceedings on the habere facias and fieri facias are stayed until the validity of the judgment has been determined. The costs of this appeal to abide the final disposition of the case.