Lyman Felheim Company, Appellant, *v.* Walker.

Argued April 26, 1937.

2

*Byron A. Baur*, of *Marsh, Spaeder, Himebaugh & Baur*, for appellant.

*T. P. Dunn*, for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This case arises upon a rule to show cause granted upon defendant's petition to strike off and open plaintiff's judgment which was entered against defendant by confession pursuant to the terms of a written bailment contract for the purchase of fifteen special model refrigerators. The written contract was signed by the defendant on Thursday, July 9, 1936, after preliminary conferences and negotiations with plaintiff's salesman and Saturday morning, July 11, 1936, was orally agreed upon as the date of delivery. The salesman turned the contract over to the plaintiff company and, according to depositions ex parte plaintiff, on Thursday evening, July 9th, plaintiff's vice president signed and accepted the contract. Early the next morning, he made long

distance telephone calls to Cleveland and Buffalo and purchased the special model refrigerators which were not carried in stock, and procured a rush shipment by special trucks in order to have them for delivery on Saturday, July 11th, as agreed. The defendant made preparations for installing the refrigerators in her apartment house and informed her tenants the refrigerators were being installed. On Friday afternoon, the plaintiff's vice president called the salesman by telephone and notified him that the refrigerators would be ready for Saturday morning. The salesman lived in the same building with the defendant and went to see the defendant Friday night about the refrigerator connections. During their conversation, defendant informed the salesman of her desire to cancel, and the salesman informed her that the refrigerators were prepared and ready for delivery and that the matter was out of his hands. After the refrigerators had arrived and a special crew of men had been engaged to deliver them, the defendant called by telephone on Saturday morning and attempted to cancel the contract. Immediately after the attempted cancellation by telephone, plaintiff wrote defendant in detail and explained why the contract could not be cancelled at that late time and asked her to accept delivery. Failing to receive response, judgment was entered under the terms of the contract on July 16, 1936.

Defendant filed a petition to strike off and open the judgment, upon which a rule to show cause was granted. Plaintiff filed an answer after which depositions were taken on the rule by agreement of counsel. The matter was heard by HIRT, P. J., of the Court of Common Pleas of Erie County, and on November 3, 1936, the Court filed an opinion discharging the rule to show cause granted on defendant's petition to strike off the judgment but making absolute the rule granted on defendant's petition to open the judgment. In addi-

4

tion to making the rule absolute, the Court decided that there was no binding contract. It therefore ordered that plaintiff's judgment be entirely vacated. Plaintiff excepted to the order of the Court and this appeal followed.

According to the depositions ex parte defendant, the latter withdrew her offer to purchase, and communicated her revocation, to the agent of plaintiff company who made the sale on the evening of the same day on which she signed the proposed agreement. The agent denied that the offer was withdrawn on July 9, but admits that defendant did notify him of her attempted revocation on July 10, 1936. Plaintiff company's vicepresident admitted that he, on the morning of July 11, 1936, learned of defendant's attempted cancellation of the written agreement. This officer testified that he, on July 9, 1936, had actually noted plaintiff's acceptance in writing on the agreement, but the testimony is undisputed that no written notice of plaintiff's acceptance of the proposed purchase or bailment lease was communicated to defendant before July 11, 1936, and not until after plaintiff had knowledge of defendant's attempted revocation of the agreement.

The contract did not in terms provide for notice of acceptance in any form.

It also appears from depositions ex parte plaintiff, the defendant called at the store of plaintiff company on Thursday, July 9, 1936, to decide upon the style of refrigerators she desired, whether "all-top" or the conventional style, and after looking at the refrigerators and deciding on the top-lift refrigerators, she stated she wanted them delivered on Saturday, July 11th. The salesman further testified that she asked him at the time if he knew any electrician to make an estimate on connecting outlets for the refrigerators; that he had a Mr. Frank Maille meet him on Friday, July 10th, between 10 and 11 o'clock and with him went to the de-

fendant's apartment and with him and the defendant went to the various apartments, and Mr. Maille gave her an estimate on what the cost would be. He also testified that after leaving with Mr. Maille he arranged with the defendant to call that evening between 10 and 11 o'clock, after he got home from work, to find out whether or not temporary connections were to be made, or if she had made arrangements to have permanent outlets installed, and if she had not, they were to make temporary installation over the week end; that he called on Friday evening and defendant then told him that she thought she would have to cancel the order; that he told her that inasmuch as the plaintiff company had gone to a lot of expense and made special arrangements to get the refrigerators, and they were already in town, it was something he could not do, that it was up to the plaintiff company if they wished to cancel but that he doubted very much they would do so. The salesman further testified that he had no authority to take or authorize cancellation of contracts.

The vice-president of plaintiff company testified that he first knew of the attempted cancellation on Saturday morning; that he had made all arrangements to have them delivered; that he had four men engaged and waiting to deliver them, and between 10 and 12 he received a telephone call from the defendant that she had cancelled the contract.

The lower court in its opinion states: "There are no irregularities on the face of the record which will justify striking off the judgment......However it is vain to open the judgment and let the defendant into a defense and to frame an issue, for on the facts in this case as applied to the law as we view it, the plaintiff cannot recover anything." The court thereupon made absolute the rule to open the judgment, but in view of the court's opinion that plaintiff is not entitled to re-

cover anything, vacated the judgment. In so doing the court erred.

There being no irregularities on the face of the record, it was error to strike off or vacate the judgment.

As stated by the Supreme Court in the case of *Johnson v. Royal Insurance Co. of Liverpool,* 218 Pa. 423 at 425, 67 A. 749: "It is well settled, and it needs no citation of authorities to sustain the proposition, that a judgment can be set aside or struck off only on the ground of irregularity or invalidity appearing on the face of the record. The court may for sufficient cause under its equitable powers open a judgment and let the defendant into a defense. But, as said by SHARSWOOD, J., in *Breden v. Gilliland,* 67 Pa. 34, 'Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face'. No facts dehors the record will justify a court in setting aside or striking off a judgment". See also *Wilson v. Vincent,* 300 Pa. 321 at 325, 150 A. 642.

In the case of *Williams v. Notopolos,* 247 Pa. 554, 93 A. 610, the defendant petitioned to open and to strike off plaintiff's judgment and the Court granted rules to show cause. After taking depositions, the lower Court made an order vacating the judgment and all proceedings because of matters shown by the testimony. The Supreme Court vacated this order of the lower Court and made absolute the rule to open and let the defendant into defense, stating at Page 559; "......The matters for relief, as presented to the court for its consideration and action, were matters not appearing upon the face of the record of the amicable action of ejectment, but dehors the record. It is therefore, manifest that the learned court below should have discharged the rule to strike off the judgment, and, conceding the facts to be sufficient, should have made absolute the rule to open the judgment and let the defendant into a defense. This

would have been in conformity with well established practice.

"The evidence presented to the court below was sufficient to justify opening the judgment and affording the defendant an opportunity to establish the defense set up in his petition. We will not prejudge the case by going into the merits on this application. That the final disposition of the case may not be delayed, we will follow the practice adopted in *Grossman's App.*, 102 Pa. 137, and make an order opening the judgment so that the court below may proceed at once to have the validity of the judgment determined."

This case has been recently cited with approval by our Court in *Rome v. Finch*, 120 Pa. Superior Ct. 402 at 405, 183 A. 54.

Where the judgment is regular on its face and extraneous facts arising from depositions are necessary to let the defendant into a defense, the Court should not strike off or vacate the judgment but should open the judgment and then frame an issue to be tried in regular order on the trial list before a jury.

The Pennsylvania Sales Act of 1915, P. L. 543, as amended, 69 PS, Par. 42, is not controlling. It simply provides: "A contract to sell or a sale of any goods ......of the value of $500.00 or upwards shall not be enforceable by action unless......some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The writing is signed by the defendant who is sought to be charged. The attempted cancellation, the authority of the salesman as to acceptance of notice of cancellation, and the information given to defendant as to preparations for performance by plaintiff and offer to perform, are all based on oral testimony and raise questions of fact for a jury.

The order vacating or striking off the judgment is reversed, the judgment is reinstated, the rule to open is

made absolute and the record is remitted with a procedendo.