## Peoples Pittsburgh Trust Co. *v.* Barth, Appellant.

Argued April 18, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alexander J. Bielski,* for appellant.

*Charles C. Arensberg,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY ARNOLD, J., July 17, 1947:

The question involved in this action of assumpsit is whether the maker of a promissory note under seal may assert absence of consideration as a defense, and that he was merely an accommodation maker for the payee.

At least after the decision in *Conrad's Estate,* 333 Pa. 561, 3 A. 2d 697, there can be no question that in Pennsylvania the defense of want of consideration is not available in an action on a sealed instrument. Contra, as to a failure of consideration. Not only is it unnecessary to prove consideration, but in the absence of fraud the promise is enforcible without it. These rules apply to negotiable instruments. See also *Shinn et al. v. Stemler,* 158 Pa. Superior Ct. 350, 45 A. 2d 242.

The appellant here executed under seal a promissory note payable on demand to Thomas McCaffrey Company. Upon his failure to pay, if suit were brought by the payee, he could not allege that he was but an accommodation maker, for the very term means that he executed the note "without receiving value": Section 29 of Negotiable Instruments Law, 56 PS 66.

Since he could not thus defend against the payee, a fortiori, he cannot defend against the payee's endorsee,

the plaintiff bank. The fact that he may have notified the endorsee-plaintiff that he had received no value for his note, i.e., was accommodation maker, is of no import, for in a suit by the corporation payee itself, which had the same knowledge and notice, such a defense, as we have seen, is unavailable.

Since he cannot avail himself of the defense of want of consideration, i.e., accommodation maker, it is unnecessary to decide whether the accommodation maker of an unsealed note may revoke before transfer: See 22 A. L. R. 1341, 1348.

Judgment affirmed.