Goldberg *v.* Altman et ux., Appellants.

Argued June 9, 1959.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles Sovel,* with him *Freedman, Landy & Lorry,* for appellants.

*Merton J. Matz,* with him *Zoob, Cohan & Matz,* for appellee.

OPINION BY WATKINS, J., September 16, 1959:

This is an appeal from an order of the Municipal Court of Philadelphia discharging a rule to strike off a judgment by confession entered by Esther Goldberg, the appellee, against Jacob Altman and Bobby Altman, the appellants.

On September 28, 1956, the appellants together with Morris Levinson and Anna Levinson, leased premises from the appellee located on the northwest corner of 12th and Wood Streets, Philadelphia. The appellants are husband and wife; the Levinsons are the father and mother of Bobby Altman. The premises in question were equipped and operated as a luncheonette and restaurant.

The following provision of this lease is involved in the appeal:

"The lessees agree to sign a note of $3600 as security for the specific performance of all the terms and conditions of the said lease and any extension thereof. Note shall be signed by Jacob Altman and Bobby his wife

and Morris Levinson and Anna, his wife, same may be recorded."

Despite this provision, which certainly can be interpreted to mean the execution of one note by all four lessees, they, on the same date as the execution of the lease, and without any explanation, signed and delivered to the lessor two separate notes, each in the amount of $3600, one signed by Jacob Altman and Bobby Altman, his wife, and one signed by Morris Levinson and Anna Levinson, his wife. These notes were judgment notes in the usual form and were instruments separate and apart from the lease agreement. They contained full authority to confess judgment against the defendants and were under seal.

The lessees defaulted in October 1957. Judgment was entered on both notes. Judgment on the note in issue here was entered on January 9, 1958. On September 2, 1958, the appellants filed a petition and rule to open the judgment. An answer was filed, interrogatories were taken and on December 18, 1958, at the direction of the Municipal Court, oral depositions were taken.

However, in the meanwhile, on September 23, 1958, the appellants filed this petition for a rule to show cause why the judgment should not be stricken, or in the alternative, should not be opened and the defendants let into a defense. The petition set forth that the judgment note signed by the appellants was not authorized by the lease which contemplated a judgment note signed by the four parties and not by the appellants alone. On December 8, 1958, the rule to strike was discharged. This appeal followed. The rule to open has not been determined.

It is true that the consideration for the execution of the judgment note flowed from the lease. However, the authority for the confession of the judgment is not

contained in the lease but in the separate instrument voluntarily signed by the appellants. It is true that this authority must be strictly construed but there is nothing in this record to indicate any lack of authority to exercise the power and enter the judgment. As Judge BOYLE said in his opinion: "The judgment was not entered by virtue of any authorization to confess judgment contained in the lease, but on a judgment note regular on its face. The defendants executed this note containing the confession of judgment as a voluntary act. There is no averment that they were coerced into signing a separate instrument nor is there any averment of fraud, accident or mistake. The execution of the separate notes is in effect a modification of the provisions of the written lease by mutual consent. It is an executed, accomplished transaction which the parties had a right to accomplish if they so desired."

A rule to strike off a judgment is in the nature of a demurrer directed to defects in the record and if the record is self sustaining the judgment cannot be stricken. *Lipshutz v. Plawa*, 393 Pa. 268, 141 A. 2d 226 (1958). A judgment can be set aside or stricken off only on the ground of irregularity or invalidity appearing on the face of the record. Where the judgment is regular on its face and extraneous facts arising from depositions are necessary to let the defendant into a defense, the court should not strike off or vacate the judgment but should open the judgment and let the defendant into a defense. *Lyman Felheim Company v. Walker*, 128 Pa. Superior Ct. 1, 193 A. 69 (1937). "It is elementary that a motion to strike off is a proper remedy where fatal defects are apparent on the face of the record, but, where the irregularity depends on matters dehors the record, it may be raised on a petition to open the judgment." *Weinberg v. Morgan*, 186 Pa. Superior Ct. 322, 325, 142 A. 2d 310 (1958).

We do not believe that the case of *Mullen v. Slupe,* 360 Pa. 485, 62 A. 2d 14 (1948), upon which the appellants strongly rely, lends any support to their position. This case turns solely on the proposition that the entry of judgment was by one without authority to exercise the power contained in the instrument and so a void judgment. It was held in this case that where a fact, not originally appearing of record, would render a judgment void (no authority granted by the defendant to authorize the entry of the judgment), it may be put upon the record by amendment; and this is especially so where the fact is one which though not on the record could have regularly been put there on the basis of something that was really a part of the record but omitted. *Mullen v. Slupe,* supra, at page 490. In this case the registration of the company plaintiff did not show that the partner who granted authority to confess the judgment was a member of the company. The authenticated registration which was permitted as an amendment to the record did not in fact constitute matters dehors the record.

A similar situation to the instant case might arise under an agreement of sale of personal property when the due date for payment falls due. The vendee not being in a position to pay the sum due delivered to the vendor a judgment note. No such provision for payment was mentioned in the agreement of value. Subsequently the vendee petitions to strike the judgment based on the failure of certain warranties of the goods sold under the agreement of sale. Here, the remedy clearly lies in the discretionary power of the court to open the judgment and let the defendant into his defense and not to strike, as clearly the matters complained of are based on a collateral agreement that is dehors the record.

The interpretation of the clause contained in this lease which is a collateral instrument is dehors this

record which consists of a judgment note regular on its face and we agree with Judge BOYLE where he says: "It may be that there are controlling equitable principles which will require the opening of the judgment if that phase of the proceedings is presented for determination, but we do not believe that the judgment entered in this case should be stricken from the record."

The contention of the appellants that the failure to enter judgment against all four defendants in one action seriously impairs defendants' right of contribution, is without merit. Even though the appellee has two judgments, he can only have one satisfaction.

It is well settled in the law that where there are joint obligors and one of the obligors shall discharge the debt, then, that obligor shall have the right in equity to proceed against the other obligors to enforce their proportionate share of contribution. "Hence, it is frequently stated that for the purpose of preventing injustice, an execution is within the inherent, equitable control of the court from which it is issued. The execution may be controlled by the court so as to regulate the rights of the parties to the judgment." 7 Standard Penna. Practice, §14, page 244.

The late Justice LINN, when a Judge of this Court, in *Greenwald v. Weinberg*, 102 Pa. Superior Ct. 485, 157 A. 351 (1931), at page 488, when speaking of a suit against a co-obligor for contribution said: "Their joint relation imposed equality of burden; either, compelled by a holder to bear it all, may require contribution of the other. The note is evidence in the suit, but it is not the foundation of the right to recover. 'Contribution', in the often quoted phrase of Lord Chief Baron Eyre, 'is bottomed and fixed on general principles of justice and does not spring from contract, though contract may qualify it . . .' (Dering v. Earl of Winchelsea, 1 Cox Ch. 318, 29 Eng. Rep. 1184) ; the

obligation, it is said, arises from 'the equitable principle that "in equali jure, the law requires equality . . ." ': Wolmershausen v. Gullick L. R. 1893, 2 Ch. 514, 522. That doctrine has so long been part of the law that persons engaged as co-obligors, in the absence of express understanding otherwise, are held to have dealt with it as an implied term in their relations. It is applied in Pennsylvania, both in equity (Guckenheimer v. Kann, 243 Pa. 75; Malone v. Stewart, 325 Pa. 99) and at law (Friedman v. Maltinsky, supra) . . ."

Order affirmed.