## Cox Estate

*J. Webster Jones,* for exceptant.

*Dunston McNichol,* contra.

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER and BURKE, JJ.:

LEFEVER, J., December 16, 1960.—This case is before the court on petition, answer and reply. Pursuant to our rule *32.2(*d*) (1), it was assigned to the undersigned for hearing. The issue is the ownership of a savings account in the names of decedent, Charles M. Cox, and petitioner, Marie J. Ward.

The basic facts are undisputed.

On August 17, 1956, decedent and petitioner opened savings account no. W 42883 in the Western Saving Fund Society of Philadelphia. In connection therewith they signed a signature card entitled: "Cox, Chas. M. —Ward, Marie J.—EITHER TO DRAW." On the reverse side of the signature card was the following agreement which they also signed:

"It is agreed and understood that any and all sums that may from time to time stand in this account to our credit *shall be owned by us as joint tenants and not as tenants in* common, or by us as tenants by the entireties in the case of husband and wife; that said Western Saving Fund Society of Philadelphia is hereby authorized and directed to pay money unconditionally from such sums upon orders or receipts drawn by us or by either or any of us and, from time to time, to accept assignments made to it (but to it alone) by any

one or more of us of any sums in this account as collateral security for any loan or loans that it may make to any one or more of us, and that *in case of the death of either or any of us the balance then remaining in said account shall be the absolute property of the survivor or survivors and said Society is hereby authorized and directed to deal with the survivor or survivors (with all the within rights of joint tenants) as the sole and absolute owner or owners of such sums.* Each of us hereby authorizes the other, or any of the others, to endorse for deposit in this account any instrument payable to the order of all or either or any of us.

"WITNESS our hands and seal this 17 day of Aug 1956

s/ Chas. M. Cox, Jr. (Seal)

(Italics supplied.) s/ Marie J. Ward (Seal)"

The account was started with a deposit of $3,000. Thereafter, decedent made a series of additional deposits totalling $2,250. All of the deposits were made with decedent's money. No withdrawals were ever made by either party.

Decedent died intestate on November 1, 1959. Decedent's brother was appointed administrator of the estate. He has possession of the passbook for the account. Petitioner has never had possession of it.

Petitioner has made demand upon the administrator to deliver the passbook to her and upon the Western Saving Fund Society of Philadelphia to pay to her the balance in the account. The administrator has refused to deliver the passbook and the society has refused to pay unless it receives the passbook or there is an order of court directing it to pay. The present litigation was instituted to compel the administrator to deliver the passbook to petitioner and the society to recognize petitioner as owner of the account.

Was there a joint tenancy with right of survivorship created in the account in dispute?

The two requisites for a valid inter vivos gift are intention to make a gift and delivery: Martella Estate, 390 Pa. 255; King Estate, 387 Pa. 119; Parkhurst Estate (No. 2), 20 D. & C. 2d 761. These requisites are met by the written agreement between the parties: Furjanick Estate, 375 Pa. 484, and Amour Estate, 397 Pa. 262. In each of those cases a joint savings account was opened by the owners signing a signature card and also a written contract creating a joint tenancy with right of survivorship and specifically providing that upon the death of either the balance in said account shall belong to the survivor of them, and all deposits were the money of decedent.

The law was summarized in Furjanick Estate, supra, at page 489, et seq:

"When a depositor creates a joint savings or checking (bank) account with right of survivorship, and a signature card so stating is executed by both parties, these facts are prima facie evidence of a gift inter vivos by the depositor to the other, and the creation of a joint tenancy with right of survivorship: Fell Estate, 369 Pa. 597, 87 A. 2d 310; Lochinger v. Hanlon, 348 Pa. 29, 33 A. 2d 1; Mader et al. v. Stemler et al., 319 Pa. 374, 179 A. 719 . . .

"When Furjanick opened a new savings account and checking account in the joint names of himself and his niece and then he and his niece signed the aforesaid written agreement setting forth in detail the terms of the contract and the rights of the respective parties therein, the money in those accounts was thereafter *owned and held in exact accordance with the terms and provisions of that agreement.*"

In Amour Estate, supra, the court stated at page 264-265:

"The touchstone of this case is the fact that what purports on its face to be a complete written agreement was executed by Miss Amour and Carlin at the

time the account was opened. No fraud, accident or mistake was alleged or proved."

The crucial facts in Furjanick Estate, supra, Amour Estate, supra, and in the instant case, are the execution by both donor and donee of the signature card and the agreement creating joint tenancy with right of survivorship contained on that card.

Where a joint account is opened by the donor without the donee signing a signature card and a contract creating joint tenancy, there is no valid gift made or joint tenancy created: Isherwood v. Springs First National Bank, 365 Pa. 225; Balfour v. Seitz, 392 Pa. 300.

However, petitioner and decedent in the case at bar did not merely have their names registered as joint owners of the account in question. They went much further. They both signed and sealed a complete, formal written agreement which set forth their respective rights in the bank account while they both lived and the rights therein of the survivor. The administrator contends that this plain and unambiguous agreement is meaningless and a nullity. In the absence of proof of fraud, accident or mistake, this contention cannot prevail.

The administrator makes much of the fact that the rules of the Western Saving Fund Society of Philadelphia, to which the parties assented, and the passbook provided: "This book must be presented when making deposits or withdrawals." This is a regulation of the bank for its own convenience and protection. Most savings banks have a similar regulation. It in no way affects the agreement between the parties.

The administrator also attacks the written agreement between the parties on the ground of lack of consideration. However, the agreement was under seal. in such case "Not only is it unnecessary to prove consideration, but in the absence of fraud the promise is enforceable without it": Peoples Pittsburgh Trust Co.

v. Barth, 161 Pa. Superior Ct. 72, 73. Moreover, in Mardis v. Steen, 293 Pa. 13, 18, the court upheld the rights of surviving joint depositor in a similar case, stating:

"In the present case we have, in addition to the fact of a joint account being opened, an express agreement creating a joint tenancy, and authorizing and directing the bank to deal with the survivor 'as sole and absolute owner thereof.' The agreement is under seal, which imports a consideration: Grady v. Sheehan, 256 Pa. 377, 380. Whether we view the transaction as a gift or as the creation of a joint ownership based on a valid consideration, it is an agreement which, under the decisions above mentioned, the parties had a right to make, and the language used in the memorandum accompanying the deposit expresses with sufficient clarity the intention to create a joint tenancy with right of survivorship."

It follows from the foregoing that when, on August 17, 1956, decedent and claimant opened the savings account in their joint names with right of survivorship, signed and sealed the agreement on the reverse side of the signature card and deposited money in this account, there was created an estate of joint tenancy with right of survivorship. Nothing was done thereafter to change this estate. Who had possession of the passbook thereafter was immaterial insofar as it affected the estate of joint tenancy. The essence of an estate "as joint tenants with right of survivorship" is to vest in two, or more, persons joint ownership during lifetime and sole ownership and control in the survivor at the moment of the death of one of them. Necessarily, after the gift was made, decedent still retained important and equal rights in the account, rights which he shared with petitioner. Moreover, as soon as the gift of the joint tenancy became complete, which of the joint tenants thereafter had possession of the passbook

was of no significance. Each joint owner had an equal right to possess it. Both could not exercise this right at the same time. They mutually decided that decedent should retain possession of the passbook.

The joint tenancy continued until November 1, 1959, when it terminated with decedent's death. At that moment, the survivor, Marie J. Ward, succeeded to the sole ownership of the account and the indicium thereof, the passbook.

Accordingly, December 16, 1960, it is hereby ordered and decreed that Marie J. Ward is now the sole owner of savings account no. W 42883 in the Western Saving Fund Society of Philadelphia; that the administrator deliver to petitioner the passbook for that account; that Marie J. Ward is entitled to recognition by the Western Saving Fund Society of Philadelphia as the sole owner of said account, with all rights of owner thereof, including the privilege of withdrawal of all or any part of the balance therein; and that the said savings fund account is not an asset of the estate of Charles M. Cox, Jr., deceased.

### Sur Exceptions to Decree

BOLGER, J., February 24, 1961.—The exceptions relate to the identical questions raised before the hearing judge and disposed of by him in an opinion which contains a complete analysis and consideration of all of the facts and the law.

The principal point relates to the rules of the Western Saving Fund Society of Philadelphia as stated in the passbook: "This book must be presented when making deposits and withdrawals," and since petitioner has not and cannot present the passbook because it is in the possession of the administrator, her claim is invalid. This provision is not to be isolated from the other language of the contract. When joined with the other provisions, as the hearing judge has correctly

concluded, no additional proof of delivery is necessary, since the title and rights of claimant became fixed as a joint tenant with decedent with right of survivorship to the fund. The conclusions of the adjudication are sound in fact and in law and nothing can now be profitably added to the admirable opinion and to the decree sustaining the petition in which we all concur.

For these reasons, the exceptions are dismissed and the decree is confirmed absolutely.