Philadelphia Bond and Mortgage Company, Appellant, *v.* Highland Crest Homes, Inc.

Argued December 9, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Erwin Miller*, with him *Zoob & Matz*, for appellant.

*Charles F. Mayer*, for appellee.

OPINION BY MONTGOMERY, J., March 24, 1972:

This is an appeal by Philadelphia Bond and Mortgage Company (PBM) from an order of the Common Pleas Court of Philadelphia County granting the petition of Sarah Sanft, appellee, to open a judgment which had been entered by PBM against her by warrant of attorney contained in a promissory note for $15,000, in which PBM was payee and Highland Crest Homes, Inc.,[1] and Sarah Sanft were co-makers. Since the order appealed from reads, "ORDERED that the Petition to Open Judgment, to Stay Execution and to Exonerate the Surety, is granted," the lower court not only opened the judgment but also, in effect, granted judgment for the defendant, Sarah Sanft, on the pleadings. The appellant alternatively contends, first, that judgment should not have been granted for the appellee, and, secondly, the petition should not have been opened.

No depositions or affidavits having been filed by any party to this action, the case was argued in the

---

[1] Highland Crest Homes, Inc., did not appeal.

court below on petition and answer. The parties on this appeal spiritedly argued and briefed a question involving Pa. R. C. P. 209, both contending that a technical noncompliance with the rule in the court below should inure to their benefit respectively. The procedure followed by the parties is set forth on page four of Appellant's brief:[2]

"When Sarah Sanft's attorney filed his petition and rule, he was given a return date by the Court Clerk. He then notified PBM's attorney of the return date, which was December 16, 1970. When that date arrived, the Court, on its own volition, continued the argument until February 4, 1971. This was not done at the request of either side. A few days thereafter, Sarah Sanft's attorney filed the amended petition, and sent a copy of the amended petition and rule to PBM's attorney, who, in turn, filed an answer. When the return date arrived, February 4, 1971, Sarah Sanft's attorney elected to argue the case on the amended petition and answer. He chose not to take any depositions or present any evidence to the Court. At no time did he attempt to schedule any depositions or to seek a continuance for the purpose of doing so." In addition, appellee admitted on page four of her brief, "The appellant . . . is correct when it states that the matter was argued on the Amended Petition and Answer." We, therefore, conclude that both parties waived any irregularities of procedure of Rule 209 when they appeared and argued the case "on the Amended Petition and Answer." Thus, we deem it unnecessary at this time to decide who listed the case for argument and the effect of failure to comply with Rule 209, and we will assume that, in any event ". . . all Averments of Fact responsive to the Petition and properly pleaded

---

[2] Appellee did not file a counter-history of the case.

in the Answer shall be deemed admitted . . ." Pa. R.C.P. 209(b).

From our review of the petition and answer, we conclude that appellee has pleaded a meritorious defense and, therefore, the lower court did not abuse its discretion in opening the judgment.

The petition alleges that appellee, Sarah Sanft, signed the note as a surety for Highland Crest Homes, Inc., which also signed and delivered the note to appellant, the payee, in consideration for appellant's acting as surety on a loan of $15,000 from Industrial Valley Bank to Highland Crest Homes, Inc. The allegation that appellee signed as a surety is a legal conclusion; however, she also alleged in paragraph 10 of the petition, "That PHILADELPHIA BOND AND MORTGAGE CO., through its agent, servant or employee, Benjamin Goldfarb, explained to SARAH SANFT that she was signing as guarantor or surety of said note and that she would not have to pay unless PHILADELPHIA BOND AND MORTGAGE CO. could not collect payment from HIGHLAND CREST HOMES, INC." In our opinion, the latter allegation of fact, if proved, is sufficient to permit a finder of fact to infer the legal conclusion that appellee did sign as a surety.

Appellant contends that appellee is barred from proving her suretyship since, in accordance with the Comment to §3-402 of the Uniform Commercial Code, 12A P.S. §3-402, "Thus by long established practice judicially noticed or otherwise established, a signature in the lower right hand corner of an instrument indicates an intent to sign as the maker of a note or the drawer of a draft. Any similar clear indication of an intent to sign in some other capacity may be enough to remove the signature from the application of this section." Although there is no indication on the note that appellee signed the instrument other than as a co-

maker, we disagree with appellant's contention that parol evidence is inadmissible to show her capacity as a surety or, in the language of the Uniform Commercial Code, as an accommodation party.[3]  As payee on the instrument, the holder of an instrument who has taken it for value has the rights of a holder in due course as against an accommodation party who signed as a maker.  *Citizens' Bank of Wind Gap v. Lipschitz,* 296 Pa. 291, 145 A. 831 (1929); *Peoples Pittsburgh Trust Co. v. Barth,* 161 Pa. Superior Ct. 72, 53 A. 2d 845 (1947); Uniform Commercial Code, §3-415(2). There is but one exception; that is where the holder has induced the maker to become an accommodation party, as by actually agreeing that he should not be held liable as a principal.  *Chestnut Street Trust & Saving Fund Company v. Hart,* 217 Pa. 506, 66 A. 870 (1907).  A reasonable interpretation of the allegation in paragraph 10 of the petition, quoted above, would permit that defense to be proved by appellee.

Although we find that appellee has stated a proper defense, we cannot approve of the lower court's entering judgment in her favor.  By its answer the appellant put at least two facts at issue, which can be resolved only at a trial on the merits.  First, it denies the allegations of paragraph 10 quoted above by stating, "It is denied that Benjamin Goldfarb made any such ex-

---

[3] "(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.

"(2) When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation.

"(3) As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such.  In other cases the accommodation character may be shown by oral proof."  12A P.S. §3-415.

planation to Sarah Sanft." Secondly, it denied in paragraph 18 of the answer that Highland Crest Homes, Inc., had sufficient assets to make it worthwhile to try to collect the $15,000 from it prior to proceeding against appellee. Appellant, by placing this fact at issue, is entitled to prove the matter at trial. *Keystone Bank of Spangler v. Booth*, 334 Pa. 545, 6 A. 2d 417 (1939).

The order of the court below is modified by striking therefrom the words, "and to Exonerate the Surety", and as modified is affirmed.