532 A.2d 469

**Jack HOLZAPFEL, Appellant,**

v.

**John Donald MAHONY, Appellee.**

Superior Court of Pennsylvania.

Argued May 12, 1987.

Filed Oct. 14, 1987.

94

Alden E. Bowen, Pittsburgh, for appellant.

Barry M. Simpson, Pittsburgh, for appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

The procedural nightmare in this appeal came about because of a failure to distinguish between proceedings to open a judgment and a petition for a deficiency judgment. We shall attempt to place the matter in its proper procedural posture. Only then does the need for additional proceedings become clear.

John D. Mahony and his wife, now deceased, purchased a tract of real estate, with twenty rental units erected thereon, from Jack Holzapfel on June 1, 1981. As part of the consideration, Mahony executed in favor of Holzapfel a mortgage in the amount of $139,000.00 and a judgment note in double the amount of the mortgage. The principal indebtedness was to be repaid in monthly installments of $1,483.39 each. Beginning in January, 1984, Mahony defaulted in the monthly payments; and on October 9, 1985, Holzapfel confessed judgment for unpaid principal, interest, and counsel fees in the amount of $164,907.55. When he also caused a writ of execution to issue, Mahony filed a petition to stay the sale. He alleged that the parties had been negotiating and had agreed that Mahony would reconvey the premises to Holzapfel and pay Holzapfel the additional sum of $5,000.00 in settlement of all claims. In response, the trial court stayed the sale and sua sponte issued a rule to show cause why the judgment should not be opened. Holzapfel filed an answer to Mahony's petition in

which he denied that a settlement had been reached and requested that the stay order be removed. The court thereafter lifted its stay order, allowed the sheriff's sale to proceed, and directed that issues pertaining to a deficiency judgment await determination of the rule to show cause why judgment should not be opened. On January 6, 1986, the sheriff sold the real estate to Holzapfel.

The parties then took depositions and presented arguments to assist the court in determining whether the judgment should be opened. The trial court found that there had been an agreement as alleged by Mahony and not only opened the confessed judgment but entered judgment in favor of Holzapfel for only five thousand ($5,000.00) dollars. Holzapfel appealed from this judgment.

In fact, the rule to show cause why the judgment should not be opened was moot. The judgment had been enforced by a writ of execution, and the real estate had been sold to Holzapfel. No challenges to the validity of the sale had been made. That sale, therefore, was no longer an issue, and the judgment underlying the writ of execution could not properly be questioned or opened by the trial court. Rather, at this stage of the proceedings, the issue was the amount which Holzapfel could recover from Mahony. This could be ascertained only in deficiency judgment proceedings. See: 42 Pa.C.S. § 8103. The existence of an agreement that Holzapfel should be paid only an additional five thousand ($5,000.00) dollars could also have been ascertained in such proceedings.

Moreover, even if the confessed judgment could have been properly opened by the trial court, we would be constrained to reverse the order entering final judgment on the underlying claim. Mahony's alleged defense to the judgment was that there had been a novation. He contended that the parties had mutually agreed to a new contract which extinguished the obligations which had formed the basis for the judgment. Holzapfel, of course, denied that there had been any such agreement and alleged that he had not surrendered his right to proceed via confessed judg-

ment, execution, and deficiency judgment to recover moneys due him according to the terms of Mahony's note.

In *Lyman Felheim Co. v. Walker*, 128 Pa.Super. 1, 193 A. 69 (1937) plaintiff had confessed judgment against defendant pursuant to the terms of a written contract for the purchase of fifteen refrigerators. Defendant filed a petition to strike off and open the judgment, alleging that a binding contract had not been entered. After depositions had been taken, the trial court entered an order opening the judgment. In addition, the court decided that there had been no contract. Therefore, it ordered that the judgment be stricken. On appeal, this Court reversed that part of the order which had vacated the judgment, holding that it had been error for the trial court to decide finally the validity of the judgment without giving the parties an opportunity to prove their allegations at trial. The Court said: "Where the judgment is regular on its face and extraneous facts arising from the depositions are necessary to let the defendant into a defense, the [trial court] should not strike off or vacate the judgment but should open the judgment and then frame an issue to be tried in regular order on the trial list before a jury." *Id.*, 128 Pa.Superior Ct. at 7, 193 A. at 72.

The same result was achieved more recently in *Philadelphia Bond & Mortgage Co. v. Highland Crest Homes, Inc.*, 221 Pa.Super. 89, 288 A.2d 916 (1972). There, plaintiff had confessed judgment in the amount of $15,000.00 against defendant on a note. Defendant filed a petition to open the judgment, alleging that she had been told by plaintiff when she signed the note that she was signing only as surety and would not have to pay the principal unless plaintiff could not collect from the maker. Plaintiff filed an answer denying that such a statement had been made and also denying that the maker had sufficient assets to enable plaintiff to collect the $15,000.00. The trial court issued an order granting a petition to open the judgment and also entered final judgment in favor of the defendant. This Court held:

Although we find that [defendant] has stated a proper defense, we cannot approve of the lower court's entering

judgment in her favor.  By its answer the [plaintiff] put at least two facts at issue, which can be resolved only at a trial on the merits.  First, it [denied having told defendant that she would be merely a surety on the note].  Secondly, it denied ... that [the maker] had sufficient assets to make it worthwhile to try to collect the $15,000 from it prior to proceeding against [defendant.  Plaintiff], by placing this fact at issue, is entitled to prove the matter at trial.

*Id.*, 221 Pa.Superior Ct. at 93–94, 288 A.2d at 918.  See also: *Plympton Cabinet Co. v. Rosenberg,* 96 Pa.Super. 330, 334–335 (1929).

In the instant case, Mahony's petition alleged that the parties had reached an agreement whereby Holzapfel would accept a reconveyance of the property and the sum of $5,000.00 in lieu of the obligations imposed by the note and mortgage.  Holzapfel, however, denied that such an agreement had been reached and contended that he was entitled to pursue proceedings to obtain a deficiency judgment.  It seems clear, therefore, that an issue of fact was raised which required trial and a factual determination.

■ Mahony argues that both parties waived their right to trial by requesting the court to render a final decision on the underlying dispute based solely on the depositions. However, Holzapfel denies such a waiver, and our review of the record fails to disclose any agreement to forego the right to trial.  Although both parties submitted proposed findings of fact and conclusions of law to the trial court, there is nothing therein to suggest that Holzapfel was waiving his right to have a trial on the ultimate issue of whether a new agreement had been reached.  We conclude, therefore, that the trial court acted prematurely when it rendered final judgment in defendant's favor.[1]

■ In summary, therefore, it is apparent that appellee was not entitled to have the judgment opened.  Execution

1.  The remaining issues argued on appeal pertain to the existence and enforceability of an oral agreement and are better deferred without opinion by this Court until further proceedings have been held.

on a valid judgment had been issued, and the real estate subject to the lien thereof had been sold to the judgment creditor. The amount of money which the creditor is still entitled to recover from the judgment debtor can only be determined in deficiency judgment proceedings.[2]

The order opening the confessed judgment and entering judgment in favor of Holzapfel in the amount of five thousand ($5,000.00) dollars is reversed, and the confessed judgment in the amount of $164,907.55 is reinstated. The action is remanded for the institution of deficiency judgment proceedings if, in fact, appellant wishes to recover additional monies allegedly owed by the judgment debtor. Jurisdiction is not retained.

KELLY, J., concurs in the result.

2. As a general rule there is a six month limitation on a petition for deficiency judgment. 42 Pa.C.S. § 5522(b)(2). It would seem, however, that the period must be tolled while the parties litigate the finality of the judgment and during the period in which the judgment was opened by court order.