## Miller v. Miller

*Paul R. Beckert Jr.,* for plaintiff.
*John D. Conroy,* for defendant.

GARB, *P.J.,* April 5, 1991—Defendant has appealed our order of February 11, 1991. By that order, we granted summary judgment in favor of the plaintiff in the sum of $4,806.05.

The parties herein were formerly husband and wife. A final decree in divorce was entered by this court on May 9, 1984 thereby terminating all marital rights. The parties filed a joint federal income tax return for the year 1982. As a result of that return, a refund of $327 was remitted by the federal government which was received by defendant and retained by her. By virtue of an audit of that return by the Internal Revenue Service, plaintiff was informed, for the first time, in July 1986, that he had received additional income which had not been reported in the 1982 return. As a result thereof and by virtue of a notice received by plaintiff on October 6, 1986, the increase in tax plus penalty and interest resulted in a total liability on that joint return of $9,612.09. The record in this case establishes that the Internal

Revenue Service first attempted to collect these sums from defendant without success. They then proceeded against plaintiff solely, and he ultimately paid that amount to satisfy the joint tax liability. It is that payment which gives rise to this lawsuit.

It is plaintiff's contention that he satisfied a joint obligation of himself and his former wife. As a result thereof, it is plaintiff's contention that he is entitled to contribution from his former wife of one-half of the sums he was required to pay on this joint obligation. He has requested defendant to make this contribution, and she has refused. Based upon these facts, we granted summary judgment for one-half of the obligation to plaintiff.

The law is clear that all co-obligors of any indebtedness must contribute equally in discharging their common obligation. *Wilner v. Croyle,* 214 Pa. Super. 91, 252 A.2d 387 (1969). The payment of an indebtedness by one of two or more joint obligors is for the benefit of all, and the one making the payment is entitled to contribution from the others. *Kershaw Estate,* 352 Pa. 205, 42 A.2d 538 (1945). Where there are joint obligors, and one of the obligors discharges the debt, that obligor has the right to proceed against the other obligors to enforce their proportionate share of contribution. *Goldberg v. Altman,* 190 Pa. Super. 495, 154 A.2d 279 (1959). Based upon these authorities, we granted summary judgment.

Defendant contends that plaintiff's action is barred by section 401(j) of the Divorce Code. That section provides, in relevant part, as follows:

"Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the

court otherwise expressly provides in its decree in accordance with (b). All duties, rights, and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease, and the parties shall, severally, be at liberty to marry again in like manner as if they had never been married, except where otherwise provided by law." Act of April 2, 1980, P.L. 63, no. 26, §401, 23 P.S. §401.

Even if we assume that plaintiff's action constitutes "property rights which are dependent upon such marital relation," or that this action constitutes "all duties, rights, and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage," we do not believe that this section can bar this action. At the time of the final decree in divorce, neither party was aware of the existence of this joint obligation. The claim of the Internal Revenue Service did not come to light until the audit of 1986 nor did plaintiff become aware of the extent of that claim until he received the official notice from the Internal Revenue Service in October 1986. Where a joint obligation of married parties is revealed only after the final decree in divorce, where neither party can be shown to be at fault in failing to discover or disclose that obligation, we believe that the law of contribution controls the relationship between those parties and is not barred by section 401(j) of the Divorce Code. *Russo v. Russo,* 50 Bucks L. Rep. 169 (1986), is clearly distinguishable. There, defendant attempted to re-open the issue of equitable distribution of property nunc pro tunc after the final decree in divorce. In that case, defendant had participated in the equitable distribution proceedings prior to the decree. That late proceeding was held to be barred by section 401(j). Plaintiff herein is not attempting to

reopen any facets of the proceedings related to the divorce decree. He is merely proceeding for contribution on a joint obligation of which both he and the defendant became aware after the final decree in divorce.

The foregoing explains the entry of our order.